O

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATEN INTERNATIONAL CO., LTD, et al., | CASE NO. SACV 09-0843 AG (MLGx) |
| Plaintiff, | ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT AND PARTIAL STAY OF CASE PENDING REEXAMINATION |
| v. | |
| EMINE TECHNOLOGY CO., Ltd., et al., | |
| Defendant. | |

Plaintiffs Aten International, Co., Ltd. and Aten Technology, Inc. (collectively "Aten") allege infringement by Defendants Belkin International, Inc., and Belkin, Inc. (collectively "Belkin") of two Keyboard-Video-Mouse ("KVM") patents. Aten moves to amend and supplement their complaint to add three additional patents. Belkin moves to stay litigation on one of the patents pending reexamination proceedings by the United States Patent and Trademark Office ("PTO"). After considering all papers and arguments submitted, both motions are GRANTED.

1

2 **PRELIMINARY MATTERS**

3

4       To support their motion, Belkin requests that the Court take judicial notice of several

5 documents.  This request goes unopposed.  Under Federal Rule of Evidence 201, "[a] judicially

6 noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known

7 within the territorial jurisdiction of the trial court or (2) capable of accurate and ready

8 determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R.

9 Evid. 201.  Facts subject to judicial notice may be considered on a motion to dismiss.  *Mullis v.*

10 *United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

11       Belkin requests that the Court take judicial notice of nine documents: (1) "Inter Partes

12 Reexamination Filing Data — December 31, 2009," a PTO report; (2) *Advanced Analogic*

13 *Technologies, Inc. v. Kinetic Technologies, Inc.*, No. C-09-1360 MMC (N.D. Cal. Dec. 15,

14 2009) (Order Granting Defendant's Motion to Stay); (3) *ValueClick, Inc. v. Tacoda, Inc.*, No.

15 CV 08-4619 DSF (JCx) (N.D. Cal Nov. 23, 2009) (Order Granting in Part Motion to Stay); (4)

16 *Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc.*, No. 08cv1512-MMC (AJB) (N.D. Cal.

17 Nov. 5, 2009) (Order Denying as Moot Motion to Stay); (5) *Allflex USA, Inc. v. Avid*

18 *Indentification Systems, Inc.*, Case No. EDCV-06-1109-SGL (OPx) (C.D. Cal. Oct. 8, 2009)

19 (Civil Minutes); (6) *Allflex*, (Oct. 30, 2009) (Order Sanctioning Avid and Fish & Richardson);

20 (7) *Kornit Digital Ltd. v. All American Manufacturing & Supply Co., et al.*, Case No. SACV 09-

21 689 AG (MLGx) (C.D. Cal. Jan. 11, 2010) (Order Granting Stay); (8) *Xyratex Technology, LTD.*

22 *v. Teradyne, Inc.*, No. CV 08-04545 SJO (C.D. Cal. Apr. 10, 2009) (Order Denying Teradyne,

23 Inc's Motion to Leave to File Amended Answer); and (9) *SanDisk Corp., v. ITE Technologies*,

24 *Inc.*, Case Nos. 07-cv-605-bbc and 07-cv-607-bbc, (W.D. Wis. Apr. 2, 2010) (Order Denying

25 Plaintiff's Motion for Leave to Amend Complaint to Add Newly-Issued Patents).  The Court

26 finds that these documents meet the requirements of Rule 201, and Belkin's request for judicial

27 notice is GRANTED as to those nine documents.

28

1

2

3

4 **<u>BACKGROUND</u>**

5

6      Aten originally filed two separate patent infringement suits: one for U.S. Patent No.

7 7,035,112 (the "'112 patent") entitled "Automatic Switch" filed in 2006, and another for U.S.

8 Patent No. 6,564,275 (the "'275 patent") entitled "Electronic switching device for a universal

9 serial bus interface" filed in 2008.  From 2006 to 2008, the case for the '112 patent was stayed

10 pending litigation in the International Trade Commission ("ITC").  The two cases were

11 consolidated in March 2009, and transferred from the Eastern District of Texas to the Central

12 District of California in July 2009.

13      When the motions were filed, the only discovery concerning the '275 patent were initial

14 disclosures, patent infringement contentions, and document productions.  (Belkin's Memo in

15 Support of Motion to Stay, Ex. I.)  No depositions have been taken and no expert reports have

16 been exchanged for the '275 patent.  (Declaration of Yaser M. El-Gamal in Support of Motion to

17 Stay ("El-Gamal Decl.") ¶¶ 11-16.)

18      The court held a scheduling conference on January 11, 2010.  The Scheduling Order

19 issued at that conference sets March 12, 2010 as the last day for Joinder and Amendment

20 Motions.  Aten filed its Motion for Leave to file Second Amended and Supplemental Complaint

21 ("Motion to Amend") on March 12, seeking to add three new patents to the infringement action.

22 Belkin filed its Motion to Stay Case Pending Inter Partes Reexamination Proceedings ("Motion

23 to Stay") on March 15, seeking to stay litigation on the '275 patent.

24

25

26

27

28

## ANALYSIS

### 1.    LEAVE TO AMEND AND SUPPLEMENT THE FIRST AMENDED COMPLAINT

Aten seeks to amend and supplement their First Amended Complaint ("FAC") by adding allegations of patent infringement for three other patents: (1) Patent 7,542,299 (the "'299 patent"), issued June 2, 2009, titled "Keyboard, video and mouse (KVM) switch," which is a continuation-in-part of the '112 patent already involved in the litigation; (2) Patent 6,957,287 (the "'287 patent"), issued Oct. 18, 2005, titled "Asynchronous/synchronous KVMP switch for console and peripheral devices"; and (3) Patent 7,613,854 (the "'854 patent"), issued Nov. 3, 2009, titled "Keyboard video mouse (KVM) switch wherein peripherals having source communication protocol are routed via KVM switch and converted to destination communication protocol."  All three patents share a common inventor and relate generally to KVM switches.

The Court GRANTS Aten's motion for leave to supplement and amend the FAC.

### 1.1    Legal Standard

Federal Rule of Civil Procedure 15(a) instructs that "leave shall be freely granted when justice so requires."  In determining whether to grant leave to amend, a court considers the following factors: (1) whether the movant unduly delayed in bringing the motion; (2) evidence of bad faith or dilatory motive on the part of the movant; (3) the movant's repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  While a court should consider each of the five factors when conducting its analysis, the crucial factor is the resulting prejudice to the opposing party. *Howey v. Radio Corp. of Am.*, 481 F.2d 1187, 1190 (9th Cir. 1973).  "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence*

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis omitted).  *See also*
*Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (stating that when a court
conducts a Rule 15(a) analysis, generally all inferences should be drawn in favor of granting the
motion).

Because two of the patents to be added to the FAC were issued after filing the original
complaint, the Court must also consider the standard under Rule 15(d).  Under Rule 15(d), "the
court may . . . permit a party to serve a supplemental pleading setting out any transaction,
occurrence, or event that happened after the date of the pleading to be supplemented." "Rule
15(d) is intended to give district courts broad discretion in allowing supplemental pleadings."
*Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  "The rule is a tool of judicial economy and
convenience. Its use is therefore favored."  *Id.*  "The clear weight of authority . . . permits the
bringing of new claims in a supplemental complaint to promote the economical and speedy
disposition of the controversy . . . ."  *Id.*  The same principles in 15(a) apply to 15(d), in that
leave should be "freely given" "[i]n the absence of any apparent or declared reason — such as
undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure
deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue
of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182
(1962)*; see also Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (holding that the
standard under 15(a) and 15(d) are the same).  Thus, the Court may analyze a supplemental
pleading under the traditional 15(a) analysis, keeping in mind the additional factor of judicial
economy.  *See Keith*, 858 F.3d at 473.

**1.2     Analysis**

Belkin argues that the motion should be denied because: (1) Aten's supplemental patents
are unrelated to the pending claims; (2) Belkin will suffer prejudice if the additional patents are
added; and (3) judicial economy is better served by denying leave to amend.  These arguments
are unpersuasive.

1                          1.2.1   Unrelated Claims

2

3        Belkin argues that supplemental complaints should not be "used to introduce a separate,

4 distinct and new cause of action." *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d

5 400, 402 (9th Cir. 1997). Under Belkin's theory, Aten is asking to add new, separate patent

6 infringement allegations that are only loosely tied to the original Patent's KVM technology, and

7 prohibited under *Neely*. The Court disagrees.

8        Belkin cites the *Neely* case out of context. The Ninth Circuit in *Neely* undertook a more

9 specialized 15(d) analysis because four years had passed since final judgment, and Plaintiffs

10 sought to reopen the case by adding a 15(d) supplemental complaint. *Id.* at 402. Other district

11 courts have found *Neely* inapplicable too. *See San Luis & Delta-Mendota Water Auth.*, 236

12 F.R.D. 491, 499 (E.D. Cal. 2006); *Gilman v. Davis*, No. CIV. S-05-830 LKK (GGH), 2009 WL

13 577768, at *7-8 ("The Ninth Circuit rested this conclusion on factors clearly not present here,"

14 including the final judgment and the four year delay.). Instead, the only requirement is that

15 "some relationship" exist between the original claims and those being added. *Keith*, 858 F.2d at

16 474 ("While some relationship must exist between the newly alleged matters and the subject of

17 the original action, they need not all arise out of the same transaction.").

18        Here, the court finds that the newly asserted patents are sufficiently related to the original

19 patents. All of the patents relate in some way to KVM switches. (Declaration of Kevin Chen in

20 Support of Motion to Amend ("Chen Decl.") at ¶ 22.) All the patents have the same inventor.

21 (Chen Decl. at ¶¶ 6, 12.) The '299 patent is a continuation-in-part of the '112 patent and within

22 the same patent family. Adding the three new patents to the two already in the suit only adds

23 five new accused Belkin products to the already 58 products at issue. (Declaration of John P.

24 Schnurer in Support of Aten's Reply to Motion to Amend ("Schnurer Decl.") at ¶ 7.) These

25 similarities mitigate any potential problems created by the patents' focus on different

26 technological areas within a KVM switch.

27        The court thus rejects Belkin's argument that the claims are too unrelated to allow a 15(d)

28 supplement to the complaint.

1            1.2.2   Prejudice

2

3        Belkin argues that it will suffer prejudice if the new patents are added to the FAC.

4        Belkin's first argument is that "three new patents will add new legal theories, require

5    proof of additional facts, and delay the pending litigation." (Belkin's Opp. at 11.)  Belkin argues

6    that Aten informed Belkin of adding new patents to the complaint only after the parties'

7    appearances at scheduling conference.  Thus, argues Belkin, the schedule Belkin negotiated does

8    not take into account the increased work necessary to prepare arguments for three additional

9    patents for the upcoming Markman Hearing and trial.

10        Belkin's alleged prejudice amounts to defending a lawsuit, and certainly doesn't rise to

11    the level of prejudice required to prohibit Aten from amending their complaint.  Discovery in

12    this case does not close until November 11, 2010.  The claim construction hearing isn't

13    scheduled until August, 15, 2010.  This gives counsel sufficient time to prepare their case

14    through discovery.  The court also notes that Aten is amenable to a 90-day extension of the

15    discovery and trial schedule.  If Belkin considers these 90 days necessary to prepare its defense,

16    then Belkin may move for an extension.

17        Case law also supports the this holding.  Amended and supplemental patent claims are

18    frequently added to existing lawsuits.  *See, e.g., Abbott Labs. v. Inverness Med. Tech.*, No. Civ.

19    A. 98-10674, 2002 WL 1906533, at *2 (D. Mass. Aug. 19, 2002) (allowing the patentee to

20    supplement complaint with an additional patent); *Procter & Gamble Co. v. McNeil-PPC, Inc.*,

21    No. 98-361, 1998 WL 1745118, at *2-3 (D. Del. Dec. 7, 1998) (same); *Micron Tech., Inc. v.

22    Rambus Inc.,* 409 F. Supp. 2d 552, 558-60 (D. Del.2006) (allowed new patents into suit on the

23    same technology as the previously asserted patents); see also *Intel Corp. v. Amberwave Sys.

24    Corp.*, 233 F.R.D. 416 (D. Del. 2005) (allowing supplemental complaint to add an additional

25    recently issued patent because technology was "related"); *SanDisk Corp. V. STMicroelectronics,

26    Inc.*, No. C 04-4379 JF (RS), 2009 WL 1404689, at *3 (N.D. Cal. May 2009) (no prejudice

27    when adding two patents by amendment).

28

1   The cases cited by Belkin are distinguishable.  For example, in *IXYS Corp. v. Advanced*
2   *Power Tech., Inc.*, the court found only "de minimis" prejudice existed because of time pressure.
3   2004 WL 135861 at *5 (N.D. Cal 2004).  In that case, the court had already held a claim
4   construction hearing, and yet the court still granted leave to amend.  *Id.*  Any prejudice here
5   simply does not rise to the levels in the cases cited by Belkin.

6   Belkin's second argument is that the jury will be confused by the new '299 patent being a
7   continuation-in-part of the '112 patent already in the case.  Belkin cites no case law to support
8   this theory.  The Court does not find Belkin's argument persuasive.  Juries regularly decide
9   complex factual issues.

10   Belkin's third argument is that Aten will not be prejudiced if Aten filed a separate lawsuit
11   instead of amending.  The Court finds little or no prejudice to Belkin in resolving the new claims
12   in the current suit, and that the liberal policy towards allowing amendments controls.

13   In sum, the Court finds that Belkin will not be prejudiced by the amendments, so this
14   factor favors granting leave to amend.

15

16   1.2.3   Judicial Economy

17

18   Finally, Belkin argues that judicial economy is best served by denying Aten's motion.
19   Judicial economy is a primary concern under a Rule 15(d) motion to supplement.  *See Keith v.*
20   *Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  In *Keith*, the Ninth Circuit quoted the following
21   observation:

22

23   Rule 15(d) of the Federal Rules of Civil Procedure provides for . . . supplemental
     pleading. It is a useful device, enabling a court to award complete relief, or more
24   nearly complete relief, in one action, and to avoid the cost, delay and waste of
     separate actions which must be separately tried and prosecuted. So useful they are
25   and of such service in the efficient administration of justice that they ought to be
     allowed as of course, unless some particular reason for disallowing them appears,
26   though the court has the unquestioned right to impose terms upon their allowance
     when fairness appears to require them.

27

28

*Id.*  The Court agrees with this, and can find no reason here that judicial economy wouldn't be best served by allowing the amendments and supplements.  Depositions, expert discovery, and the Markman hearing have not yet taken place.  There is still plenty time to resolve all discovery before Nov. 15, 2010, or move for additional time.  The Court finds that adding the patents to the current lawsuit would save the Court and the parties costs, time, and effort when compared to another separate lawsuit.  Thus, the interest in judicial economy favors allowing amendment.

### 1.3     Conclusion

Because the Court finds the amendments to be in the interests of judicial economy, and Belkin has failed to successfully assert any of the *Foman* factors, the Court exercises its discretion to allow leave to amend and supplement the FAC.  The Court GRANTS Aten's Motion to Amend.

## 2.     MOTION TO STAY LITIGATION ON THE '275 PATENT PENDING REEXAM

Belkin filed an application with the PTO for an Inter Partes Reexamination of the '275 Patent.  Based on this application, Belkin now moves the court to stay the litigation on only the '275 patent.  The Court GRANTS Belkin's Motion to Stay.

### 2.1     Legal Standard

Patent reexamination is a process allowing any person to request that the PTO reexamine the patentability of an unexpired United States patent.  35 U.S.C. § 302.  "Courts are not required to stay judicial proceedings pending re-examination of a patent." *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. C 06-2252 SBA, 2007 WL 627920, at *1 (N.D. Cal. Feb. 26, 2007); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  But "[t]here is 'a liberal policy in favor of granting motions to stay proceedings pending the outcome' of

1   re-examination, especially in cases that are still in the initial stages of litigation and where there

2   has been little or no discovery." *Nanometrics*, 2007 WL 627920, at *1 (citing *ASCII Corp. v.*

3   *STD Entm't USA, Inc.*, 844 F.Supp. 1378, 1381 (N.D.Cal.1994)); *see also Robert H. Harris Co. v.*

4   *Metal Mfg. Co.*, 19 U.S.P.Q.2d 1786, 1788 (E.D.Ark.1991) ("[t]he legislative history surrounding

5   the establishment of the reexamination proceeding evinces congressional approval of district

6   courts liberally granting stays"); *Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d

7   842, 849 (Fed. Cir. 2008) (noting that the Federal Circuit has "consistently recognized the

8   inherent power of the district courts to grant a stay pending reexamination of the patent").

9       Courts consider the following factors when determining whether to stay a case pending

10  reexamination: "(1) whether discovery is complete and whether a trial date has been set; (2)

11  whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay

12  would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."

13  *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citing *In re*

14  *CygnusTelecommunications Technology, LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D.

15  Cal. 2005).

16

17  **2.2    Analysis**

18

19      2.2.1   Stage of Litigation

20

21      The first factor concerning a stay pending reexamination is "whether discovery is

22  complete and whether a trial date has been set." *Telemac*, 450 F. Supp. at 1111.  This factor

23  weighs in favor of a stay when the case is in the early stages of litigation.  *See, e.g.*, *Nanometrics*,

24  2007 WL 627920, at *2 (granting stay where parties had only exchanged initial disclosures);

25  *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (granting stay

26  when parties has undertaken little or no discovery).

27      Although the parties have been litigating the '112 patent since 2006, litigation on the '275

28  patent is still in the early stages.  Only four sets of interrogatories, a request for document

1 production, and the required infringement contentions under the E.D. Texas Patent Rules have

2 been served between the parties.  (El-Gamal Decl. ¶ 12; Exh. F.)  Aten and Belkin have also

3 served subpoenas on a few third parties for production of documents.  (Schnurer Decl. ¶ 13.)   No

4 depositions have been taken, no expert discovery has been propounded, and no claim

5 construction has taken place on the '275 patent.  At the scheduling conference, the Court set a

6 trial date for February 15, 2011.

7      Aten argues that "[d]iscovery for the '275 patent is well underway." (Aten's Memo in

8 Opp. to Motion for Stay 6:12) The Court is concerned that this statement can't be reconciled with

9 Aten's other statements supporting their Motion to Amend.  For example, "the present case is still

10 in the early stages of discovery."  (Aten's Memo in Supp. Of Motion to Amend 8:20-21.)  The

11 Court agrees with Aten's earlier statements.  The majority of discovery for the '275 patent has not

12 been performed.

13      Thus, the Court finds that, based on the evidence, the litigation for the '275 patent is still

14 in its early stages.  The Court finds this factor favors granting the stay.

15

16        2.2.2   Simplification of Issues in Question

17

18      The second factor is whether a stay will simplify the issues in question and trial of the

19 case. *Telemac*, 450 F. Supp. at 1111.

20      Aten first argues that any outcome from reexamination is speculative, and thus there is no

21 guarantee that any of the '275 patent claims would be narrowed.  The Court disagrees.  Because

22 92% of patents being reexamined change in some way (PTO Reexamination Filing Data, Docket

23 No. 145-1, at 2), the Court risks enabling futile litigation that may have to be repeated if the

24 patent changes.  The Court cannot ignore this possibility.  Further, following Aten's argument to

25 its logical conclusion would mean denying stays relating to all reexamination requests.  Thus, this

26 argument fails.

27      Aten next argues that reexamination only resolves certain prior art invalidity issues, and

28 other invalidity issues must be handled by the trial court.  Thus, Aten's argument goes, many

1   issues will still remain for the Court to decide.  This may be true, but Aten does not show why

2   this Court should treat the invalidity contentions in this case any differently from other cases.

3   Invalidity is often a defense used by potential infringers, and Aten's brief gives the Court no basis

4   to analyze how the invalidity assertions in this case differ from invalidity contentions in other

5   patent cases that were stayed.

6          Thus, the Court finds this factor weighs only slightly in favor of granting the stay.

7

8                  2.2.3   Undue Prejudice or Clear Tactical Disadvantage

9

10         The final factor is "whether a stay would unduly prejudice or present a clear tactical

11  disadvantage to the nonmoving party." *Telemac*, 450 F. Supp. at 1111.

12         Aten argues that the Court should not issue a stay because Aten and Belkin are

13  competitors, and Aten may not be able to seek an injunction for years.  The Court disagrees.

14         Delay is a feature common to all stayed cases, and mere delay in the litigation does not

15  establish undue prejudice.  *Research in Motion, Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012

16  (N.D. Cal. 2008); *see also Sorensen v. The Black & Decker Corp.*, No. 06-cv-1572 BRM (CAB),

17  2007 WL 2696590, at *4 (S.D. Cal. Sept. 10, 2007) ("Protracted delay is always a risk inherent in

18  granting a stay, yet courts continue to stay actions pending reexamination. The general prejudice

19  of having to wait for resolution is not a persuasive reason to deny the motion for stay.").  Any

20  customers or profit lost during a stay can be compensated through damages, including damages

21  caused by the stay.  *See Nanometrics*, 2007 WL 627920, at *3 ("In fact, if the PTO upholds the

22  validity of the patent, then [the plaintiff's] position is strengthened, and its likelihood of monetary

23  damages will increase.").

24         Aten also contends that the stay will cause witnesses' memories to fade and create more

25  difficulty in obtaining documents from third parties such as Default Defendant Emine

26  Technology Co.  This risk is overstated.  If a stay issues for the '275 patent, the other four patent

27  claims will continue.  As noted earlier, there is a considerable overlap in the accused products

28  that each patent applies to. (Schnurer Decl. at ¶ 7.)  Similarly, the inventor of all the patents is the

1    same. (Chen Decl. at ¶¶ 6, 12.)  Thus, a significant amount of the evidence for the '275 patent

2    will already be on the record when the stay is lifted, and witnesses' memories of the time period

3    can be refreshed from depositions on the patents continuing to be litigated.  The court finds that

4    these mitigating circumstances may actually prevent a loss of evidence when compared to stays

5    in other cases.

6         Aten's last argument is that Belkin's reexamination is a "delay tactic."  Aten's only

7    evidence is that Belkin knew of 11 of the 12 references asserted in its reexamination request by

8    February 2009 and should have filed earlier.  Belkin asserts that it was still searching for prior art

9    through December 2009, and worked to compile a 400 page reexamination request that was filed

10   in March 2010.  After reviewing the request for reexamination, the Court finds that Belkin did not

11   engage in a delay tactic.  Belkin took a reasonable amount of time to compile the complex

12   reexamination request document.

13        Accordingly, on these facts, the Court finds that Aten's assertions do not add up to undue

14   prejudice or clear tactical advantage.  This factor weighs in favor of granting the stay.

15

16   **2.3    Conclusion**

17

18        In this case, all of the factors weigh in favor of granting the stay pending the outcome of

19   Belkin's request for reexamination.  Accordingly, the Court GRANTS Belkin's Motion.

20        Although 92% of all requests for reexamination are granted, there is no certainty the PTO

21   will grant Belkin's request.  Therefore, delay may result if the request is denied and the stay is not

22   lifted.  Accordingly, Aten and Belkin are ORDERED to submit a joint status report regarding the

23   status of the reexamination request by June 14, 2010, and to appear for a status conference on

24   June 21, 2010, at 9:00a.m.

25

26

27

28

13

**DISPOSITION**

Aten's Motion to Amend is GRANTED.  Belkin's Motion to Stay litigation on the '275 patent is GRANTED.  Aten and Belkin are ORDERED to submit a joint status report regarding the status of the reexamination request by June 14, 2010, and to appear for a status conference on June 21, 2010, at 9:00a.m.

IT IS SO ORDERED.

DATED: April 12, 2010

_____

Andrew J. Guilford

United States District Judge