1  Robert W. Dickerson (State Bar No. 89367)
   rdickerson@orrick.com
2  Yasser M. El-Gamal (State Bar No. 189047)
   ymel-gamal@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street
4  Suite 3200
   Los Angeles, CA  90017
5  Telephone:  +1-213-629-2020
   Facsimile:   +1-213-612-2499
6
   Attorneys for Defendants and Counterclaimants
7  BELKIN INTERNATIONAL, INC. AND BELKIN, INC.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   SOUTHERN DIVISION

12  ATEN INTERNATIONAL CO., LTD.        Case No. SACV 09-00843-AG (MLGx)
    and ATEN TECHNOLOGY, INC.,
13                                      **BELKIN INTERNATIONAL, INC.
            Plaintiffs,                 AND BELKIN, INC.'S ANSWER
14                                      AND COUNTERCLAIMS RE:
        v.                              PLAINTIFFS' SECOND
15                                      AMENDED AND SUPPLEMENTAL
    EMINE TECHNOLOGY CO., LTD.,         COMPLAINT**
16  BELKIN INTERNATIONAL, INC.,
    and BELKIN, INC.,
17                                      Honorable Andrew J. Guilford
            Defendants.
18
19  Consolidated with:                 Date Transferred:   July 22, 2009
    ATEN INTERNATIONAL CO.,             Discovery Cutoff:   Nov. 15, 2010
20  LTD., et al.,                       Pretrial Conference: Jan. 31, 2011
                                        Trial Date:         Feb. 15, 2011
            Plaintiff,
21
        v.
22
    BELKIN INTERNATIONAL,
23  INC., et al,

24          Defendant.

25  AND RELATED COUNTERCLAIMS

26

27

28

                                        DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
                                        SECOND AMENDED AND SUPPLEMENTAL
                                        *COMPLAINT*

                    **ORIGINAL**

1

2

3      Defendants Belkin International, Inc. and Belkin, Inc. (collectively "Belkin")

4 answer the *Second Amended And Supplemental Complaint* ("*Complaint*") of

5 plaintiffs ATEN International Co., Ltd. and ATEN Technology, Inc. (collectively

   "ATEN") as follows:

6

7                                    **PARTIES**

8      1.      Answering Paragraph 1 of the *Complaint*, Belkin denies ATEN's

9 allegation that ATEN possesses innovative technology, or that any of ATEN's

10 patents are directed to innovations.  Belkin admits that ATEN International Co.,

11 Ltd. is listed as the assignee on U.S. Patent No. 6,564,275 ("the '275 patent"), U.S.

12 Patent No. 6,957,287 ("the '287 patent"), U.S. Patent No. 7,035,112 ("the '112

13 patent"), U.S. Patent No. 7,542,299 ("the '299 patent") and U.S. Patent No.

14 7,613,854 ("the '854 patent").  Belkin lacks knowledge or information sufficient to

15 form a belief about the truth of the remaining allegations contained in Paragraph 1.

16     2.      Answering Paragraph 2 of the *Complaint*, Belkin lacks knowledge or

17 information sufficient to form a belief about the truth of the allegations contained

18 therein.

19     3.      Answering Paragraph 3 of the *Complaint*, Belkin lacks knowledge or

20 information sufficient to form a belief about the truth of the allegations contained

21 therein.  In further response to paragraph 3, Belkin avers that Emine is not

22 represented by counsel in this matter, and may no longer be a viable legal entity.

23 On information and belief, Emine has not made an appearance in this matter in this

24 Court, such that constructive service of the Complaint upon Emine was not effected

25 under Local Rule 15.3

26     4.      Answering Paragraph 4 of the *Complaint*, Belkin admits that Belkin

27 International, Inc. and Belkin, Inc. are corporations organized under the laws of the

28 state of Delaware.  Belkin admits that it has conducted business and has offered to

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

sell and has sold products to customers and stores in this judicial district and throughout the State of California.  Except as expressly admitted, Belkin denies any remaining allegations in paragraph 4.

## JURISDICTION AND VENUE

5.      Answering Paragraph 5 of the *Complaint*, Belkin admits that ATEN has brought a patent infringement action arising under the United States Patent Laws, 35 U.S.C. § 100 *et seq.* including 35 U.S.C. § 271.

6.      Answering Paragraph 6 of the *Complaint*, Belkin admits that this Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a).

7.      Answering Paragraph 7 of the *Complaint*,  Belkin denies that it has committed any act of patent infringement with respect to ATEN's patents, in this judicial district or any other judicial district.  Belkin admits that it is subject to personal jurisdiction in the Central District of California.  Belkin lacks knowledge or information sufficient to form a belief about the truth of any of the allegations relating to Emine.

8.      Answering Paragraph 8 of the *Complaint*, Belkin denies on information and belief that it has committed any act of patent infringement with respect to ATEN's patents, in this judicial district or any other judicial district. Belkin admits that venue is proper in the Central District of California.

9.      Answering Paragraph 9 of the *Complaint*, Belkin admits that it submitted to the jurisdiction of this Court by virtue of its motion to transfer this action from the Eastern District of Texas to the Central District of California, and that venue is proper in the Central District of California.

10.      Answering Paragraph 10 of the *Complaint*, Belkin denies on information and belief that any of its products infringe any of ATEN's patents.

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

1   Belkin admits that it has shipped products into the Central District of California, as

2   well as other judicial districts.

### ATEN'S PATENTS

11.     Answering Paragraph 11 of the *Complaint*, Belkin admits that on its
face the '112 patent lists an issue date of April 25, 2006, identifies the patentee as
Kevin Chen, and is entitled "AUTOMATIC SWITCH."   Belkin lacks knowledge
or information sufficient to form a belief about the truth of the remaining
allegations of Paragraph 11 the *Complaint*.  Except as expressly admitted above,
Belkin denies each and every remaining allegation of Paragraph 11 of the
*Complaint*.

12.     Answering Paragraph 12 of the *Complaint*, Belkin denies that the '112
patent is directed to an invention.  Belkin admits that to its knowledge, only two
companies have settled litigation brought against them by ATEN, and have taken
"licenses" under the '112 patent, but Belkin denies that such litigation settlements
constitute either "acknowledgement" or "appreciation" of the so-called "invention
in the '112 patent."  Belkin also denies all other allegations in Paragraph 12 of the
*Complaint*.

13.     Answering Paragraph 13 of the *Complaint*, Belkin denies that the '112
patent is valid.  Belkin admits that to its knowledge RATOC Systems Inc. is one of
the two companies who have entered into litigation settlements with ATEN.  Belkin
lacks knowledge or information sufficient to form a belief about the truth of the
remaining allegations contained in Paragraph 13.

14.     Answering Paragraph 14 of the *Complaint*, Belkin denies that the '112
patent is valid.  Belkin admits that to its knowledge JustCom Tech, Inc. is the other
of the two companies who have entered into litigation settlements with ATEN.
Belkin lacks knowledge or information sufficient to form a belief about the truth of
the remaining allegations contained in Paragraph 14.

- 3 -

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

15.     Answering Paragraph 15 of the *Complaint*, Belkin admits that on its face the '275 patent lists an issue date of May 13, 2003, identifies the patentee as Sun Chung Chen, and is entitled "ELECTRONIC SWITCHING DEVICE FOR A UNIVERSAL SERIAL BUS INTERFACE."   Belkin lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 15 the *Complaint*.

## DEFENDANTS' (ALLEGED) ACTS OF INFRINGEMENT

16.     Answering Paragraph 16 of the *Complaint*, Belkin is informed and believes that the Emine products ATEN accuses of infringing the '112 patent in this action were the same or substantially the same products found not to infringe the '112 patent in International Trade Commission Investigation 337-TA-589, and Belkin therefore denies the allegations as to such Emine products.  Belkin further denies the allegations in Paragraph 16 to the extent the allegations refer to any Emine products accused of infringing either the '112 or the '275 patent, which products were manufactured by Emine for Belkin.  Belkin lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 16.

17.     Answering Paragraph 17 of the *Complaint*, Belkin is informed and believes that the Emine products ATEN accuses of infringing the '112 patent in this action were the same or substantially the same products found not to infringe the '112 patent in International Trade Commission Investigation 337-TA-589, and Belkin therefore denies the allegations as to such Emine products.  Belkin further denies the allegations in Paragraph 17 to the extent the allegations refer to any Emine products accused of infringing either the '112 or the '275 patent, which products were manufactured by Emine for Belkin.  Belkin lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 17.

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

18.     Answering Paragraph 18 of the *Complaint*, Belkin is informed and believes that the Emine products ATEN accuses of infringing the '112 patent in this action were the same or substantially the same products found not to infringe the '112 patent in International Trade Commission Investigation 337-TA-589, and Belkin therefore denies the allegations as to such Emine products.  Belkin further denies the allegations in Paragraph 18 to the extent the allegations refer to any Emine products accused of infringing either the '112 or the '275 patent, which products were manufactured by Emine for Belkin.  Belkin also denies that anything set forth in the claims of the '112 and '275 patents is inventive.  Belkin lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 18.

19.     Belkin denies each and every allegation contained in Paragraph 19 of the *Complaint*.

20.     Belkin denies each and every allegation contained in Paragraph 20 of the *Complaint*.

21.     Belkin denies each and every allegation contained in Paragraph 21 of the *Complaint*.

## ATEN'S CLAIM 1

22.     Belkin incorporates its answers to Paragraphs 1-3, 5-7 and 11-18 of the *Complaint* as though fully and completely set forth herein.

23.     Belkin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the *Complaint*.

24.     Answering Paragraph 24 of the *Complaint*, Belkin is informed and believes that the Emine products ATEN accuses of infringing the '112 patent in this action were the same or substantially the same products found not to infringe the '112 patent in International Trade Commission Investigation 337-TA-589, and Belkin therefore denies the allegations as to such Emine products.  Belkin further

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

1 denies the allegations in Paragraph 24 to the extent the allegations refer to any
2 Emine products accused of infringing the '112 patent, which products were
3 manufactured by Emine for Belkin.  Belkin lacks knowledge or information
4 sufficient to form a belief about the truth of any remaining allegations contained in
5 Paragraph 24.

6      25.    Answering Paragraph 25 of the *Complaint*, Belkin is informed and
7 believes that the Emine products ATEN accuses of infringing the '112 patent in this
8 action were the same or substantially the same products found not to infringe the
9 '112 patent in International Trade Commission Investigation 337-TA-589, and
10 Belkin therefore denies the allegations as to such Emine products.  Belkin further
11 denies the allegations in Paragraph 25 to the extent the allegations refer to any
12 Emine products accused of infringing the '112 patent, which products were
13 manufactured by Emine for Belkin.  Belkin lacks knowledge or information
14 sufficient to form a belief about the truth of any remaining allegations contained in
15 Paragraph 25.

16      26.    Answering Paragraph 26 of the *Complaint*, Belkin is informed and
17 believes that the Emine products ATEN accuses of infringing the '112 patent in this
18 action were the same or substantially the same products found not to infringe the
19 '112 patent in International Trade Commission Investigation 337-TA-589, and
20 Belkin therefore denies the allegations as to such Emine products.  Belkin further
21 denies the allegations in Paragraph 26 to the extent the allegations refer to any
22 Emine products accused of infringing the '112 patent, which products were
23 manufactured by Emine for Belkin.  Belkin also denies that anything set forth in the
24 claims of the '112 patent is inventive.  Belkin lacks knowledge or information
25 sufficient to form a belief about the truth of any remaining allegations contained in
26 Paragraph 26.

27
28

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

## ATEN'S CLAIM 2

27.     Belkin incorporates the answers to Paragraphs 1-3, 5-7 and 11-18 of the *Complaint* as though fully and completely set forth herein.

28.     Answering Paragraph 28 of the *Complaint*, Belkin is informed and believes that the Emine products ATEN accuses of infringing the '112 patent in this action were the same or substantially the same products found not to infringe the '112 patent in International Trade Commission Investigation 337-TA-589, and Belkin therefore admits, on information and belief, that at least as of the filing date of the *Complaint* Emine would have been aware of the '112 patent. Belkin lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 28 of the *Complaint*.

29.     Answering Paragraph 29 of the *Complaint*, Belkin is informed and believes that the Emine products ATEN accuses of infringing the '112 patent in this action were the same or substantially the same products found not to infringe the '112 patent in International Trade Commission Investigation 337-TA-589, and Belkin therefore denies the allegations as to such Emine products. Belkin further denies the allegations in Paragraph 29 to the extent the allegations refer to any Emine products accused of infringing the '112 patent, which products were manufactured by Emine for Belkin. Belkin lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 29.

30.     Answering Paragraph 30 of the *Complaint*, Belkin is informed and believes that the Emine products ATEN accuses of infringing the '112 patent in this action were the same or substantially the same products found not to infringe the '112 patent in International Trade Commission Investigation 337-TA-589, and Belkin therefore denies the allegations as to such Emine products. Belkin further denies the allegations in Paragraph 30 to the extent the allegations refer to any Emine products accused of infringing the '112 patent, which products were

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

manufactured by Emine for Belkin.  Belkin lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 30.

### ATEN'S CLAIM 3

31.     Belkin incorporates the answers to Paragraphs 1-3, 5-7 and 11-18 of the *Complaint* as though fully and completely set forth herein.

32.     Belkin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the *Complaint*.

33.     Answering Paragraph 33 of the *Complaint*, Belkin denies the allegations to the extent the allegations refer to any Emine products accused of infringing the '275 patent, which products were manufactured by Emine for Belkin. Belkin lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 33.

34.     Answering Paragraph 34 of the *Complaint*, Belkin denies the allegations to the extent the allegations refer to any Emine products accused of infringing the '275 patent, which products were manufactured by Emine for Belkin. Belkin lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 34.

35.     Answering Paragraph 35 of the *Complaint*, Belkin denies the allegations to the extent the allegations refer to any Emine products accused of infringing the '275 patent, which products were manufactured by Emine for Belkin. Belkin also denies that anything set forth in the claims of the '275 patent is inventive.  Belkin lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 35.

### ATEN'S CLAIM 4

36.     Belkin incorporates the answers to Paragraphs 1-3, 5-7 and 11-18 of the *Complaint* as though fully and completely set forth herein.

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

37.     Belkin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the *Complaint*.

38.     Answering Paragraph 38 of the *Complaint*, Belkin denies the allegations to the extent the allegations refer to any Emine products accused of infringing the '275 patent, which products were manufactured by Emine for Belkin. Belkin lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 38.

39.     Answering Paragraph 39 of the *Complaint*, Belkin denies the allegations to the extent the allegations refer to any Emine products accused of infringing the '275 patent, which products were manufactured by Emine for Belkin. Belkin lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 39.

## ATEN'S CLAIM 5

40.     Belkin incorporates the answers to Paragraphs 1-21 of the *Complaint* as though fully and completely set forth herein.

41.     Belkin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the *Complaint*.

42.     Answering Paragraph 42 of the *Complaint*, Belkin admits that it imports into the United States and sells KVM switch products, including Flip, OmniView, SOHO and PRO3 switches. Belkin denies each and every remaining allegation contained in Paragraph 42 of the *Complaint*.

43.     Answering Paragraph 43 of the *Complaint*, Belkin admits that it has had actual knowledge of the '112 patent since at least July 21, 2006.

44.     Belkin denies each and every allegation contained in Paragraph 44 of the *Complaint*.

45.     Belkin denies each and every allegation contained in Paragraph 45 of the *Complaint*.

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

## ATEN'S CLAIM 6

46.    Belkin incorporates the answers to Paragraphs 1-21 of the *Complaint* as though fully and completely set forth herein.

47.    Belkin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the *Complaint*.

48.    Answering Paragraph 48 of the *Complaint*, Belkin admits that it imports into the United States and sells KVM switch products, including Flip, OmniView and SOHO switches.  Belkin denies each and every remaining allegation contained in Paragraph 48 of the *Complaint*.

49.    Answering Paragraph 49 of the *Complaint*, Belkin admits that it has had actual knowledge of the '275 patent since at least October 9, 2008.

50.    Belkin denies each and every allegation contained in Paragraph 50 of the *Complaint*.

51.    Belkin denies each and every allegation contained in Paragraph 51 of the *Complaint*.

52.    Belkin denies each and every allegation contained in Paragraph 52 of the *Complaint*.

## ATEN'S CLAIM 7

53.    Belkin incorporates the answers to Paragraphs 1-21 of the *Complaint* as though fully and completely set forth herein.

54.    Answering Paragraph 54 of the *Complaint*, Belkin admits that on its face the '287 patent lists an issue date of October 18, 2005, and is entitled "ASYNCHRONOUS/SYNCHRONOUS KVMP SWITCH FOR CONSOLE AND PERIPHERAL DEVICES."   Belkin also admits that a copy of the '287 patent was attached to the *Complaint* as Exhibit C.   Belkin lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 54 the *Complaint*.

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

55.     Answering Paragraph 55 of the *Complaint*, Belkin admits that it imports into the United States and sells KVM switch products, including but not limited to F1DP216G, F1DP232G, F1DD102L, F1DD104L, F1DS102J, F1DS104J, F1DS102L and F1DS104L products.  Belkin denies on information and believe each and every remaining allegation contained in Paragraph 55 of the *Complaint*.

56.     Answering Paragraph 56 of the *Complaint*, Belkin admits that it now has knowledge of the '287 patent.

57.     Belkin denies each and every allegation contained in Paragraph 57 of the *Complaint*.

58.     Belkin denies each and every allegation contained in Paragraph 58 of the *Complaint*.

59.     Belkin denies each and every allegation contained in Paragraph 59 of the *Complaint*.

## ATEN'S CLAIM 8

60.     Belkin incorporates the answers to Paragraphs 1-21 of the *Complaint* as though fully and completely set forth herein.

61.     Answering Paragraph 61 of the *Complaint*, Belkin admits that on its face the '854 patent lists an issue date of November 3, 2009, and is entitled "KEYBOARD VIDEO MOUSE (KVM) SWITCH WHEREIN PERIPHERALS HAVING SOURCE COMMUNICATION PROTOCOL ARE ROUTED VIA KVM SWITCH AND CONVERTED TO DESTINATION COMMUNICATION PROTOCOL."   Belkin also admits that a copy of the '854 patent was attached to the *Complaint* as Exhibit D.  Belkin lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 61 the *Complaint*.

62.     Answering Paragraph 62 of the *Complaint*, Belkin admits that it imports into the United States and sells KVM switch products, including but not

- 11 -

limited to F1DP216A, F1DP232A and F1DW216C products. Belkin denies on information and belief each and every remaining allegation contained in Paragraph 62 of the *Complaint*.

63.   Answering Paragraph 63 of the *Complaint*, Belkin admits that it now has knowledge of the '854 patent.

64.   Belkin denies each and every allegation contained in Paragraph 64 of the *Complaint*.

65.   Belkin denies each and every allegation contained in Paragraph 65 of the *Complaint*.

66.   Belkin denies each and every allegation contained in Paragraph 66 of the *Complaint*.

## ATEN'S CLAIM 9

67.   Belkin incorporates the answers to Paragraphs 1-21 of the *Complaint* as though fully and completely set forth herein.

68.   Answering Paragraph 68 of the *Complaint*, Belkin admits that on its face the '299 patent lists an issue date of June 2, 2009, and is entitled "KEYBOARD, VIDEO AND MOUSE (KVM) SWITCH." Belkin also admits that a copy of the '299 patent was attached to the *Complaint* as Exhibit E. Belkin lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 68 the *Complaint*.

69.   Answering Paragraph 69 of the *Complaint*, Belkin admits that it imports into the United States and sells KVM switch products, including but not limited to Flip, OmniView, SOHO and PRO3 switches. Belkin denies on information and belief each and every remaining allegation contained in Paragraph 69 of the *Complaint*.

70.   Answering Paragraph 70 of the *Complaint*, Belkin admits that it now has knowledge of the '299 patent.

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

71.  Belkin denies each and every allegation contained in Paragraph 71 of the *Complaint*.

72.  Belkin denies each and every allegation contained in Paragraph 72 of the *Complaint*.

73.  Belkin denies each and every allegation contained in Paragraph 73 of the *Complaint*.

## BELKIN'S AFFIRMATIVE DEFENSES

For separate and affirmative defenses, Belkin alleges as follows:

74.  Belkin incorporates here the foregoing admissions, denials, and allegations in Paragraphs 1-73 above.

## FIRST AFFIRMATIVE DEFENSE

75.  On information and belief, the '112, '275, '287, '854 and '299 patents are all invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, the conditions for patentability set forth in 35 U.S.C. §§101, 102, 103 and 112.

## SECOND AFFIRMATIVE DEFENSE

76.  On information and belief, Belkin has not infringed, and is not infringing, and has not contributed to or induced, and is not contributing to or inducing, the infringement of any of the '112, '275, '287, '854 and '299 patents.

## THIRD AFFIRMATIVE DEFENSE

77.  On information and belief, ATEN is estopped by representations or actions taken during the prosecution of the '112, '275, '287, '854 and '299 patents, which representations and/or actions limit the literal and equivalent scope of the claims of those patents under the doctrines of prosecution disclaimer and prosecution history estoppel.

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

## FOURTH AFFIRMATIVE DEFENSE

78.    On information and belief, ATEN's claim for damages, if any, is limited by 35 U.S.C. §287.

## FIFTH AFFIRMATIVE DEFENSE

79.    On information and belief, ATEN is barred in whole or in part from asserting the '112, '275, '287, '854 and '299 patents against Belkin, under the doctrine of laches, or waiver, or both.

Belkin reserves the right to assert other affirmative defenses, such as inequitable conduct, if and when further investigation and discovery so warrant.

## BELKIN'S COUNTERCLAIMS

Belkin asserts counterclaims against ATEN as follows:

## PARTIES

1.    Counterclaimants Belkin International , Inc. and Belkin, Inc. (again, collectively "Belkin") are corporations organized under the laws of the State of Delaware, and have their principal places of business in Playa Vista, California, in this judicial district.

2.    Counterclaim Defendant ATEN International Co., Ltd., on information and belief, is a company organized under the laws of Taiwan, R.O.C., and has a principal place of business in Taiwan.  ATEN International Co., Ltd. is listed as assignee on the '112, '275, '287, '854 and '299 patents, and has initiated this action against Belkin for alleged infringement of the '112, '275, '287, '854 and '299 patents.

3.    Counterclaim Defendant ATEN Technology, Inc., on information and belief, is a corporation organized under the laws of the State of California, is owned and/or controlled by ATEN International Co., Ltd., is a party to this action, and

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

joins with ATEN International, Co., Ltd. in asserting infringement of the '112, '275, '287, '854 and '299 patents against Belkin.

## JURISDICTION AND VENUE

4.     Belkin's Counterclaims arise under 28 U.S.C. §§2201 and 2202, and Belkin seeks declaratory relief as well as further relief based upon a declaratory judgment or decree.

5.     Venue as to these counterclaims is proper in this district because ATEN has submitted to this Court's jurisdiction by the filing of the *Complaint*.

## FIRST COUNTERCLAIM

**(For Declaratory Judgment of Patent Non-Infringement – '112 Patent)**

6.     An actual controversy exists between Belkin and ATEN as to whether Belkin infringes, contributes to the infringement of, or induces infringement of the '112 patent, as ATEN contends, or does not do so, as Belkin contends.

7.     By this Counterclaim, Belkin seeks a declaration that it has not infringed and does not infringe the '112 patent, either literally or under the doctrine of equivalents.  Further, Belkin seeks a declaration that it has not contributed to or induced and does not contribute to or induce infringement of the '112 patent by anyone.  A judicial declaration is necessary and appropriate at this time in order that Belkin may ascertain its rights and duties with respect to the '112 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

## SECOND COUNTERCLAIM

**(For Declaratory Judgment of Patent Invalidity – '112 Patent)**

8.     An actual controversy exists between Belkin and ATEN as to whether the '112 patent is valid, as ATEN contends, or is invalid for failure to comply with

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

1  the requirements of patentability set forth in 35 U.S.C. §§101 *et seq.*, as Belkin

2  contends.

3       9.    By this Counterclaim, Belkin seeks a declaration that the '112 patent is

4  invalid.  A judicial declaration is necessary and appropriate at this time in order that

5  Belkin may ascertain its rights and duties with respect to the '112 patent and to any

6  past, present, or future manufacture, use, importation, distribution, sale, or offer of

7  its products.

8

9  ### THIRD COUNTERCLAIM

10  ### (For Declaratory Judgment of Patent Non-Infringement – '275 Patent)

11       10.   An actual controversy exists between Belkin and ATEN as to whether

12  Belkin infringes, contributes to the infringement of, or induces infringement of the

13  '275 patent, as ATEN contends, or does not do so, as Belkin contends.

14       11.   By this Counterclaim, Belkin seeks a declaration that it has not

15  infringed and does not infringe the '275 patent, either literally or under the doctrine

16  of equivalents.  Further, Belkin seeks a declaration that it has not contributed to or

17  induced and does not contribute to or induce infringement of the '275 patent by

18  anyone.  A judicial declaration is necessary and appropriate at this time in order that

19  Belkin may ascertain its rights and duties with respect to the '275 patent and with

20  respect to any past, present, or future manufacture, use, importation, distribution,

21  sale, or offer for sale of its products.

22  ### FOURTH COUNTERCLAIM

23  ### (For Declaratory Judgment of Patent Invalidity – '275 Patent)

24       12.   An actual controversy exists between Belkin and ATEN as to whether

25  the '275 patent is valid, as ATEN contends, or is invalid for failure to comply with

26  the requirements of patentability set forth in 35 U.S.C. §§101 *et seq.*, as Belkin

27  contends.

28

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

13.     By this Counterclaim, Belkin seeks a declaration that the '275 patent is invalid.  A judicial declaration is necessary and appropriate at this time in order that Belkin may ascertain its rights and duties with respect to the '275 patent and to any past, present, or future manufacture, use, importation, distribution, sale, or offer of its products.

## FIFTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Non-Infringement – '287 Patent)

14.     An actual controversy exists between Belkin and ATEN as to whether Belkin infringes, contributes to the infringement of, or induces infringement of the '287 patent, as ATEN contends, or does not do so, as Belkin contends.

15.     By this Counterclaim, Belkin seeks a declaration that it has not infringed and does not infringe the '287 patent, either literally or under the doctrine of equivalents.  Further, Belkin seeks a declaration that it has not contributed to or induced and does not contribute to or induce infringement of the '287 patent by anyone.  A judicial declaration is necessary and appropriate at this time in order that Belkin may ascertain its rights and duties with respect to the '287 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

## SIXTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Invalidity – '287 Patent)

16.     An actual controversy exists between Belkin and ATEN as to whether the '287 patent is valid, as ATEN contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§101 *et seq.*, as Belkin contends.

17.     By this Counterclaim, Belkin seeks a declaration that the '287 patent is invalid.  A judicial declaration is necessary and appropriate at this time in order that Belkin may ascertain its rights and duties with respect to the '287 patent and to any

past, present, or future manufacture, use, importation, distribution, sale, or offer of its products.

## SEVENTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Non-Infringement – '854 Patent)

18.    An actual controversy exists between Belkin and ATEN as to whether Belkin infringes, contributes to the infringement of, or induces infringement of the '854 patent, as ATEN contends, or does not do so, as Belkin contends.

19.    By this Counterclaim, Belkin seeks a declaration that it has not infringed and does not infringe the '854 patent, either literally or under the doctrine of equivalents. Further, Belkin seeks a declaration that it has not contributed to or induced and does not contribute to or induce infringement of the '854 patent by anyone. A judicial declaration is necessary and appropriate at this time in order that Belkin may ascertain its rights and duties with respect to the '854 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

## EIGHTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Invalidity – '854 Patent)

20.    An actual controversy exists between Belkin and ATEN as to whether the '854 patent is valid, as ATEN contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§101 *et seq.*, as Belkin contends.

21.    By this Counterclaim, Belkin seeks a declaration that the '854 patent is invalid. A judicial declaration is necessary and appropriate at this time in order that Belkin may ascertain its rights and duties with respect to the '854 patent and to any past, present, or future manufacture, use, importation, distribution, sale, or offer of its products.

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

## NINTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Non-Infringement – '299 Patent)

22.    An actual controversy exists between Belkin and ATEN as to whether Belkin infringes, contributes to the infringement of, or induces infringement of the '299 patent, as ATEN contends, or does not do so, as Belkin contends.

23.    By this Counterclaim, Belkin seeks a declaration that it has not infringed and does not infringe the '299 patent, either literally or under the doctrine of equivalents.  Further, Belkin seeks a declaration that it has not contributed to or induced and does not contribute to or induce infringement of the '299 patent by anyone.  A judicial declaration is necessary and appropriate at this time in order that Belkin may ascertain its rights and duties with respect to the '299 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

## TENTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Invalidity – '299 Patent)

24.    An actual controversy exists between Belkin and ATEN as to whether the '299 patent is valid, as ATEN contends, or is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§101 *et seq.*, as Belkin contends.

25.    By this Counterclaim, Belkin seeks a declaration that the '299 patent is invalid.  A judicial declaration is necessary and appropriate at this time in order that Belkin may ascertain its rights and duties with respect to the '299 patent and to any past, present, or future manufacture, use, importation, distribution, sale, or offer of its products.

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

## PRAYER FOR RELIEF

WHEREFORE, Belkin prays for judgment as follows:

(1)     ATEN take nothing by its *Complaint* and that its *Complaint* be dismissed;

(2)     The Court determine and declare that Belkin and its products have not infringed and do not infringe the '112, '275, '287, '854 and/or '299 patents;

(3)     The Court declare that Belkin has not contributed to or induced and does not contribute to or induce infringement of the '112, '275, '287, '854 and/or '299 patents;

(4)     The Court declare the '112, '275, '287, '854 and '299 patents invalid;

(5)     The Court award Belkin its attorneys' fees and litigation expenses under 28 U.S.C. §1927 and 35 U.S.C. §285 or on any other applicable basis;

(6)     The Court award Belkin its costs of suit; and

(7)     That Belkin receive such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Belkin requests a trial by jury of all issues properly decided by a jury.

Dated:     April 26, 2010

ROBERT W. DICKERSON
YASSER M. EL-GAMAL
Orrick, Herrington & Sutcliffe LLP

YASSER EL-GAMAL
Attorneys for Defendants BELKIN
INTERNATIONAL, INC. AND BELKIN, INC.

- 20 -

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO
SECOND AMENDED AND SUPPLEMENTAL
*COMPLAINT*

1

## PROOF OF SERVICE

2

I Valerie Cloyd, declare:

3

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 4 Park Plaza, Suite 1600, Irvine, CA 92614.

4

5

On April 26, 2010, I served the within documents:

6

**BELKIN INTERNATIONAL, INC. AND BELKIN, INC.'S ANSWER AND COUNTERCLAIMS RE: PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL COUNTERCLAIMS**

7

8

9

☐ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

10

☑ By electronic service, I caused such document to be emailed to the addressee(s) set forth below.

11

12

☑ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

13

14

☐ By depositing a true and correct copy of the document(s) listed above with Federal Express in Los Angeles, California, enclosed in a sealed envelope.

15

16

John P. Schnurer
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
(858) 678-5099 fax
Schnurer@fr.com
Aten-FRService@fr.com

17

18

19

20

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

21

22

23

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25

Executed on April 26, 2010, at Irvine, California.

26

27

Valerie Cloyd

28

DEFENDANTS' ANSWER AND COUNTERCLAIMS TO SECOND AMENDED AND SUPPLEMENTAL *COMPLAINT*