1  John P. Schnurer (SBN 185725)
   schnurer@fr.com
2  Brian Wacter (SBN 223165)
   wacter@fr.com
3  Cheng Chieh (Jack) Ko (SBN 244630)
   ko@fr.com
4  Fish & Richardson P.C.
   12390 El Camino Real
5  San Diego, CA 92130
   Telephone:  (858) 678-5070
6  Facsimile:   (858) 678-5099

7  Attorneys for Plaintiffs
   Aten International Co., Ltd. and
8  Aten Technology, Inc.

9  Robert W. Dickerson (SBN 89367)
   rdickerson@orrick.com
10 Orrick, Herrington & Sutcliffe LLP
   777 South Figueroa Street, Suite 3200
11 Los Angeles, CA 90017-4844
   Telephone:  231-629-2020
12 Facsimile:  231-612-2499

13 Attorneys for Defendants
   Belkin International, Inc. and Belkin, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| ATEN INTERNATIONAL CO., LTD. and ATEN TECHNOLOGY, INC.<br><br>Plaintiffs<br><br>v.<br><br>EMINE TECHNOLOGY CO., LTD., BELKIN INTERNATIONAL, INC., and BELKIN, INC.,<br><br>Defendants. | Case No.  SACV09-843 AG (MLGx)<br><br>**ORDER ON STIPULATION FOR PROTECTIVE ORDER**<br><br>Discovery Cut-Off:  November 15, 2010<br>Pretrial Conference:  January 31, 2011<br>Trial:  February 15, 2011<br><br>Honorable Andrew J. Guilford |
|---|---|

The parties hereby request the Court to enter the following stipulated order:

Case No. SACV09-843 AG (MLGx)

**PROTECTIVE ORDER**

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order or by further Order of the Court, this Order shall remain in effect both through and after the conclusion of this litigation.

The parties herein anticipate that documents, testimony, and information containing or reflecting confidential, proprietary, trade secret, or commercially sensitive information are likely to be disclosed in this litigation, and request that the Court enter this Order setting forth the conditions for the disclosure, treatment, and use of such information. Therefore, pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for and enters this Protective Order ("Order").

1. **DEFINITIONS**

   (a) "Confidential Information" means any Discovery Material that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" as provided for in this Order. Confidential Information may be incorporated within or include documents, tangible things, and witness testimony.

   (b) "Discovery Material" means all information, including from any non-party to this action, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that is produced, disclosed, or generated in connection with discovery in this matter.

   (c) "ITC Investigation" means *In the Matter of Certain Switches and Products Containing Same*, Investigation No. 337-TA-589.

   (d) "ITC Material" means all information, including from any non-party to this action, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible

things) that was produced, disclosed, or generated in connection with the ITC Investigation, including, but not limited to, the materials, items and information (including third-party and/or non-party materials, items and information) identified in the lists exchanged between Plaintiff ATEN International Co., LTD. and ATEN Technology, Inc. (collectively "ATEN") and Defendants Belkin International, Inc. and Belkin Inc. (collectively "Belkin") on January 23 and 29, 2009 (attached hereto as **Exhibit C** and **Exhibit D**).

(e) "Party" means any party to this action, including all of its officers, directors, and employees.

(f) "Producing Party" means any Party or third party who discloses or produces any Discovery Material in this action.

(g) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

2. **SCOPE AND PURPOSES**

(a) The protections conferred by this Order cover and govern the designation of, use, and disclosure of Confidential Information and related Discovery Material, including any information copied or extracted therefrom, and all copies, excerpts, summaries, or compilations thereof, including testimony, conversations, or presentations by Producing Parties or Receiving Parties or their counsel in Court or in other settings that might reveal Confidential Information.

(b) Confidential Information shall be used solely for this litigation, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, or any business or competitive purpose or function. Confidential Information shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(c) Any Producing Party who designates Confidential Information under this Order shall do so only with a good faith belief that the designated

material is Confidential Information that is protectable under Federal Rule of Civil Procedure 26(c) and the terms of this Order. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection asserted, the Producing Party must promptly notify all other parties that it is withdrawing or changing the designation.

(d) Any person challenging a Producing Party's designation of Confidential Information under this Order shall do so only with a good faith belief that designated material is not protectable Confidential Information under Federal Rule of Civil Procedure 26(c) and the terms of this Order.

3. **LIMITATIONS AND PRESERVATION OF RIGHTS**

(a) Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Confidential Information for any purpose.

(b) Nothing in this Order shall preclude any person or party from disclosing Confidential Information to an individual who prepared the Confidential Information.

(c) Nothing in this Order shall restrict in any way the use or disclosure of Confidential Information by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) that has been previously produced, disclosed or provided by the Producing Party to any other party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party; or (e) pursuant to order of the Court.

(d) Nothing in this Order shall be construed to prejudice any Party's right to use any Confidential Information in Court or in any Court filing with consent of the Producing Party or Order of the Court.

(e) This Order is without prejudice to the right of any Party or non-party to seek further or additional protection of any Confidential Information, to de-designate Confidential Information, or to modify this Order in any way, including, without limitation, seeking: (1) a protective order that certain Confidential Information or Discovery Material not be produced at all; (2) to compel the disclosure of or de-designate Confidential Information or Discovery Material; or (3) to modify, add to, or remove provisions set forth in this Order.

4. **ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

(a) <u>Secure Storage</u>. Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(b) <u>Legal Advice Based on Confidential Information</u>. Nothing in this Order shall prevent Counsel from advising their clients with respect to this litigation based in whole or in part upon Confidential Information, provided Counsel does not disclose the Confidential Information itself except as provided in this Order.

5. **DESIGNATING CONFIDENTIAL INFORMATION**

(a) <u>Available Designations</u>.  A Producing Party may designate its own Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 5(a) may be so designated by placing the appropriate designation on every page of the written material.  In the event that original documents are produced for inspection, the Producing Party may produce the original documents for inspection with a temporary designation, provided that copies of the original documents are similarly designated by placing

1  the appropriate legend on the copies when they are produced to the Receiving
2  Party.

3        (c)  <u>Depositions and Testimony</u>.  Parties or testifying persons or
4  entities may designate depositions and other testimony with the appropriate
5  designation (i) by indicating on the record at the time the testimony is given or (ii)
6  by sending written notice that the testimony is designated within thirty (30)
7  calendar days of receipt of the transcript of the testimony.  Whether or not any
8  designation is made at the time the testimony was given, all testimony shall be
9  treated as if it had been designated "CONFIDENTIAL – ATTORNEY'S EYES
10 ONLY" from the date of the testimony until thirty (30) calendar days after receipt
11 of the transcript of the testimony.  Testimony not designated either orally at the
12 time of the testimony or by written notice to the Parties within thirty (30) calendar
13 days after receipt of the transcript of the testimony shall be deemed not to be
14 Confidential Information, subject, however, to the other terms of this Order.  Any
15 designated Discovery Material that is used in the taking of a deposition shall
16 remain subject to the provisions of this Order, along with the transcript pages of the
17 deposition testimony dealing with such Discovery Material.  In the event the
18 deposition is videotaped, the original and all copies of the videotape shall be
19 marked by the video technician to indicate that the contents of the videotape are
20 subject to this Order, substantially along the lines of "This videotape contains
21 confidential testimony used in this case and is not to be viewed or the contents
22 thereof to be displayed or revealed except as permitted by the Protective Order,
23 by order of the Court, or pursuant to written stipulation of the parties."

24   6.  **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL**
25      **– ATTORNEYS' EYES ONLY"**

26       (a)  A Producing Party may designate Discovery Material as
27 CONFIDENTIAL – ATTORNEYS' EYES ONLY if it contains or reflects
28 information that is extremely confidential and/or sensitive in nature and the

Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.

(b) Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i) The Receiving Party's outside counsel and their staff;

(ii) Any expert or consultant retained by the Receiving Party to assist in this action (as well as members of such person's staff to whom disclosure is reasonably necessary for this litigation), provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) each such person (including staff members) has signed the acknowledgement form annexed hereto as **Exhibit A**, (b) a copy of the signed acknowledgement form has been provided to all outside counsel of record, and (c) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 8(b) below.

(iii) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv) The Court, jury, and Court personnel;

(v) Graphics, translation, design, and/or trial consulting services including mock jurors retained by a Party; and

(vi) Any other person with the prior written consent of the Producing Party.

7. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, trade secret, and/or commercially sensitive information.

(b) Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i) Those persons to whom Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed;

(ii) Two (2) in-house counsel for the Receiving Party (as well as their paralegals and staff, to whom disclosure is reasonably necessary for this litigation) provided that (a) each such person (including paralegals and staff) has signed the acknowledgment form annexed hereto as Exhibit A, (b) a copy of the signed acknowledgement form has been provided to all outside counsel of record, and (c) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 8(b) below.

(iii) Any other person with the prior written consent of the Producing Party.

8. **EXPERTS, CONSULTANTS, AND IN-HOUSE COUNSEL**

(a) Experts and consultants receiving Confidential Information shall not be a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party.

(b) Prior to disclosing any Confidential Information to any outside experts or consultants, or to in-house counsel of a Receiving Party, the party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae of the person; and (iv) a copy of the signed acknowledgment form annexed hereto as Exhibit A.

(c) Within ten (10) calendar days of receipt of the disclosure of the proposed outside expert or consultant, or of the in-house counsel, the Producing Party may object in writing to the disclosure of its Confidential Information to such person for good cause. In the absence of an objection at the

end of the ten (10) day period, the person shall be deemed approved under this Order. There shall be no disclosure of Confidential Information to such person prior to expiration of this ten (10) day period. If the Producing Party objects to disclosure to such person within the ten (10) day period, the parties shall meet and confer and attempt in good faith to resolve the dispute. If the dispute is not resolved, the party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court, unless otherwise agreed by the parties. If relief is not sought from the Court within that time (or any other time agreed to by the parties), the objection shall be deemed withdrawn. If relief is sought, the objecting party's Confidential Information shall not be disclosed to such person until the objection is resolved by the Court.

(d) For purposes of this section, "good cause" shall include an objectively reasonable concern that the expert, consultant, or in-house counsel will, advertently or inadvertently, use or disclose Confidential Information in a way or ways that are inconsistent with the provisions contained in this Order including, in particular, for a purpose other than related to this litigation (*e.g.*, for competitive decision making, for developing its own products or technologies, or to misappropriate competitor trade secrets).

(e) Prior to receiving any Confidential Information under this Order, the proposed outside expert, consultant, or in-house attorney or any member of their respective staffs must execute a copy of the "Agreement to Be Bound by Protective Order" attached as Exhibit A to this Order.

9. **<u>CHALLENGING DESIGNATIONS OF CONFIDENTIAL INFORMATION</u>**

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material as Confidential Information under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) Other than challenges to a designation made at a deposition or hearing (which challenges may be made orally on the record at the time of the testimony), any challenge to a designation of Discovery Material under this Order shall: (i) be written and served on outside counsel for the Producing Party, (ii) shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and (iii) shall particularly identify the grounds for the objection to the designation. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i) The objecting party shall have the burden of conferring with the Producing Party claiming protection in a good faith effort to resolve the dispute.

(ii) Failing agreement, the objecting party may bring a motion that the Discovery Material is not entitled to the designation made by the Producing Party.

(iii) This Order shall not preclude or prejudice any Producing Party of any Receiving Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

(iv) Notwithstanding any challenge to a designation, the Discovery Material shall continue to be treated as designated by the Producing Party under this Order until otherwise resolved by agreement of the parties or by further order of the Court.

10. **ITC Material**

(a) To the extent that any information sought through discovery in this case also qualifies as ITC Material protected as Confidential Business Information under the Protective Order entered by the ITC in the ITC Investigation (the "ITC Protective Order," a copy of which is attached hereto as

1  **Exhibit B**), its status as Confidential ITC Material shall not prevent its production
2  or use in this case.  In this regard, the Parties acknowledge, and the Court finds,
3  that the provisions of this Order are sufficient to protect any Confidential
4  Information and Discovery Material produced or created in this case that may also
5  be ITC Material.

6  (b)  As provided in Paragraph 5 of the ITC Protective Order, the
7  Parties hereto (without waiving any objections including, but not limited to,
8  evidentiary objections) consent to the use in this action of all ITC Material (as
9  defined in Paragraph 1(d) above, subject to the Federal Rules of Evidence,
10  including rules governing admissibility), except for ITC Material containing
11  confidential business information produced under the Protective Order in the ITC
12  by a third party or non-party hereto who has not agreed to such use  In addition,
13  the Parties may use any evidence made of record in the ITC Investigation and any
14  ITC Investigation record is admissible in this action under 28 U.S.C. §1659(b) to
15  the extent permitted under the Federal Rules of Evidence and Federal Rules of
16  Civil Procedure.  The consent of each Party to use the ITC Material includes
17  permission to retain for purposes of this action the consenting Party's ITC
18  Material, notwithstanding the provisions of paragraph 18 of the ITC Protective
19  Order.

20  (c)  The consents given in paragraph 10(b) are not meant to, and
21  do not, restrict or limit in any way:  (i) the right of the Parties to propound
22  discovery requests and/or take deposition testimony in this action, as allowed by
23  the applicable Federal Rules and this Court's local rules and orders, (ii) the
24  obligations of each Party to comply with their respective disclosure and discovery
25  obligations under the Federal Rules and this Court's local rules and orders
26  including but not limited to their individual obligations, if any, to disclose ITC
27  Material falling outside the scope of paragraph 10(b); or (iii) the right of either
28  Party to attempt to use or enter into evidence at trial ITC Material not specified in

paragraph 10(b), subject to any objections the other Party may have, including but not limited to, evidentiary objections. Responses must be given in accordance with the applicable Federal Rules and this Court's rules and orders. Notwithstanding any other order or rule of this Court regarding discovery or disclosure obligations, a Party shall not be required to (re)produce tangible or electronic copies to any Receiving Party of any written discovery requests, written discovery responses and/or documents produced by, or transcripts of testimony given by, that Party or one of its employees that qualify as ITC Material unless, after a good faith effort to locate the material, a Party determines that it does not have the material, and agrees to pay the reasonable reproduction charges incurred by the Producing Party in making that production.

(d) To the extent that any non-party to this action consents to the use in this action of any ITC Material previously supplied by that non-party pursuant to the ITC Protective Order, the Parties agree (without waiving any objections including, but not limited to, evidentiary objections): (i) that such material can be used or disclosed in this action by the Parties according to the terms of this Order, as if such material was originally produced in this action, and (ii) that the non-party shall not be required to (re)produce to the Parties such material provided that the material is already in the possession, custody or control of the Parties, or, if in the possession custody or control of only one of the Parties, that Party agrees to provide the other Party with a copy, with the Receiving Party to pay the reasonable reproduction charges incurred by the Producing Party in making that production.

(e) For ITC Material that has already been produced to a Receiving Party, the Producing Party may designate such ITC Material as Confidential Information under the terms of this Order by any of the following: (i) providing suitable notice, in writing, of the identity of each item of ITC Material and its designation under this Order; (ii) reproducing any ITC Material

1 as Discovery Material in this action with a suitable designation for Confidential
2 Information under this Order. Any ITC Material designated as "Confidential
3 Business Information Subject to Protective Order" when produced in the ITC
4 Investigation shall be considered and treated as designated "Confidential –
5 Attorneys' Eyes Only" under the provisions of this Order unless otherwise
6 designated or agreed by the Producing Party, or pursuant to the provisions of
7 Section 9 of this Order.

11. **SUBPOENAS OR COURT ORDERS**

If at any time Confidential Information is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to every Producing Party who has produced such Discovery Material and to its counsel and shall provide each such Producing Party with an opportunity to move for a protective order regarding the production of confidential materials.

12. **FILING CONFIDENTIAL INFORMATION**

(a) Absent written permission from the Producing Party or a Court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Confidential Information.

(b) Any Receiving Party is authorized under and pursuant to the Local Rules to file under seal with the Court any brief, document or materials that are designated as Confidential Information under this Order.

13. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a) The inadvertent production by a Producing Party of Discovery Material subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity will not waive the applicable privilege or immunity if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged or immune, each Receiving Party shall immediately return to the Producing Party or destroy such Discovery Material and all copies and supply written notice to the Producing Party that it has done so and retained no copies.

(c) Nothing herein shall prevent the Receiving Party from preparing a record containing the date, author, recipients, and topic of the inadvertently produced Discovery Material and such other non-privileged/non-immune information as is reasonably necessary to identify and describe the Discovery Material in any motion to compel production of the Discovery Material.

14. **INADVERTENT FAILURE TO DESIGNATE**

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Confidential Information with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party promptly notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order after learning of the inadvertent failure to so designate.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph (c) below) at the appropriately designated level pursuant to the terms of this Order.

(c) If the Receiving Party disputes the designation, the provisions of Section 9 shall apply to that dispute.

### 15. **<u>INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION</u>**

(a) In the event of a disclosure of any Confidential Information pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the Receiving Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Confidential Information has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Confidential Information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) Unauthorized or inadvertent disclosure does not change the status of Confidential Information or waive the right to hold the disclosed document or information as protected.

### 16. **<u>FINAL DISPOSITION</u>**

(a) Not later than ninety (90) days after the final disposition of this litigation, (including after any appeals), each Party shall return to the respective outside counsel of the Producing Party or destroy all Confidential Information of a Producing Party. All Receiving Parties of any such Confidential Information shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.

(b) Notwithstanding the provision for return or destruction of Confidential Information in paragraph (a) above, outside counsel may retain pleadings, correspondence to or from counsel for the opposing Party(ies), and attorney and consultant work product that include or refer to another party's Confidential Information as part of the case record and for archival purposes.

17. **DURATION AND JURISDICTION**

Even after the termination of this case, this Order and its terms, requirements, and effects shall survive and remain in full force and effect in its entirety until this Court otherwise directs by order. The Court shall retain jurisdiction over any and all persons and parties bound by this Order for the purposes of hearing and resolving any disputes related to or arising out of this Order.

18. **MISCELLANEOUS**

(a) Right to Further Relief. Nothing in this Order abridges the right of any person to seek modification of the Order by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) Successors. This Order shall be binding upon the Parties hereto, their attorneys, successors, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(c) Burdens of Proof. Nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and, if so, what restrictions should apply.

(d) Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court where the underlying actions in this case are pending, is responsible for the interpretation and enforcement of this Order and shall resolve all disputes

concerning Confidential Information, however designated, produced under the protection of this Order.

      (e)    <u>Prior Protective Orders</u>. Attached as **Exhibit E** hereto is a copy of the Protective Order entered in the action entitled *Aten International Co., Ltd. and Aten Technology, Inc. v. Belkin International, Inc. and Belkin, Inc.*, Eastern District of Texas, Marshall Division Case No. 2:06 CV 296 LED (hereinafter "EDTX Protective Order"). Third parties who have consented to the use of their confidential information or have produced confidential documents under the terms of the EDTX Protective Order shall have the option to seek protection under the terms of this Order or the terms of EDTX Protective Order.

IT IS SO STIPULATED:

Dated: May 7, 2010        FISH & RICHARDSON, P.C.

By:  /s/ John P. Schnurer
      John P. Schnurer
Attorneys for Plaintiffs
Aten International Co., Ltd. and
Aten Technology, Inc.

Dated: May 7, 2010        ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  /s/ Robert W. Dickerson
      Robert W. Dickerson
Attorneys for Defendants
Belkin International, Inc. and Belkin, Inc.

IT IS SO ORDERED.

DATED: May 7, 2010

MARC L. GOLDMAN
U.S. MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 7, 2010 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

*/s/ John P. Schnurer*
John P. Schnurer
schnurer@fr.com

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Aten International Co. Ltd. and ATEN Technology, Inc. v. Emine Technology Co., LTD., Belkin International, Inc. and Belkin, Inc.*, Case No. SACV 09-843 AG (MLGx) (CACD Southern Division). I have read the Order including Exhibit B thereto, I understand and agree to be bound by its terms, and I consent to the jurisdiction of the Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]