1  John P. Schnurer (SBN 185725)
   jschnurer@perkinscoie.com
2  Perkins Coie LLP
   11988 El Camino Real, Suite 200
3  San Diego, CA 92130-3334
   Telephone:  (858) 720-5700
4  Facsimile:   (858) 720-5799

5  Brian Wacter (SBN 223165)
   wacter@fr.com
6  Cheng Chieh (Jack) Ko (SBN 244630)
   ko@fr.com
7  Fish & Richardson P.C.
   12390 El Camino Real
8  San Diego, CA 92130
   Telephone:  (858) 678-5070
9  Facsimile:   (858) 678-5099

10 Attorneys for Plaintiffs
   ATEN INTERNATIONAL CO., LTD. and
11 ATEN TECHNOLOGY, INC.

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14                   **SOUTHERN DIVISION**

15 ATEN INTERNATIONAL CO., LTD.        Case No.  SACV09-843 AG (MLGx)
   and ATEN TECHNOLOGY, INC.
16                                      **ATEN'S REPLY TO BELKIN'S**
                Plaintiffs              **AMENDED COUNTERCLAIMS**
17
           v.
18
   EMINE TECHNOLOGY CO., LTD.,
19 BELKIN INTERNATIONAL, INC.,
   and BELKIN, INC.,
20
                Defendants.
21

22

23

24

25

26

27

28

                                      Case No. SACV09-843 AG (MLGx)

Plaintiffs ATEN International Co., Ltd. and ATEN Technology, Inc. (collectively, "Aten") hereby reply to the Counterclaims set forth in Defendants' Belkin International, Inc., and Belkin, Inc. (collectively "Belkin") Amended Answer and Counterclaims Re: Plaintiffs' Second Amended and Supplemental Complaint, as follows:

**PARTIES**

1.     On information and belief, Aten admits that Belkin International, Inc., and Belkin, Inc. are organized under the laws of the State of Delaware.  Aten lacks sufficient information to admit or deny the remaining allegations of paragraph 1 of Belkin's Counterclaims and, therefore, denies those allegations.

2.     Aten admits the allegations of paragraph 2 of Belkin's counterclaims.

3.     Aten admits that Aten Technology, Inc. is a corporation existing under the laws of the State of California.  Aten further admits that Aten Technology, Inc. is a subsidiary of Aten International Co., Ltd.  Aten further admits that Aten Technology, Inc., together with Aten International Co., Ltd., have brought an action against Belkin for infringing U.S. Patent Nos. 7,035,112 ("the '112 patent"), 6,564,275 ("the '275 patent"), 6,957,287 ("the '287 patent"), 7,613,854 ("the '854 patent"), and 7,542,299 ("the '299 patent").  Aten denies any remaining allegations in paragraph 3 of Belkin's counterclaims.

**JURISDICTION AND VENUE**

4.     Aten admits that the Court has jurisdiction over Belkin's Counterclaims under 28 U.S.C. §§ 2201 and 2202.  Aten further admits that Belkin seeks declaratory judgment.  Aten denies any remaining allegations in paragraph 4 of Belkin's counterclaims.

5.     Aten admits that venue is proper in this district.

## FIRST COUNTERCLAIM

### (For Declaratory Judgment of Patent Non-Infringement – '112 Patent)

6.     Aten admits that an actual controversy exists as to whether Belkin infringes, contributes to the infringement of, or induces infringement of the '112 patent.  Aten denies any remaining allegations in paragraph 6 of Belkin's Counterclaims.

7.     Aten admits that, by its Counterclaim, Belkin seeks a declaration that it has not and does not infringe the '112 patent literally or under the doctrine of equivalents.  Aten further admits that, by its Counterclaim, Belkin seeks a declaration that it has not contributed to or induced, and does not contribute to or induce, infringement of the '112 patent.  Aten denies any remaining allegations in paragraph 7 of Belkin's Counterclaims.

## SECOND COUNTERCLAIM

### (For Declaratory Judgment of Patent Invalidity – '112 Patent)

8.     Aten admits that an actual controversy exists as to the validity of the '112 patent.  Aten denies any remaining allegations in paragraph 8 of Belkin's Counterclaims.

9.     Aten admits that, by its Counterclaim, Belkin seeks a declaration that the '112 patent is invalid.  Aten denies any remaining allegations in paragraph 9 of Belkin's Counterclaims.

## THIRD COUNTERCLAIM

### (For Declaratory Judgment of Unenforceability – '112 Patent)

10.     Aten does not believe that an answer to paragraphs 80-94 of Belkin's affirmative defenses is required.  Nonetheless, to the extent that an answer is required, Aten responds as follows:

a.     Aten denies the allegations in paragraph 80 of Belkin's affirmative defenses.

1          b.     Aten admits that on July 8, 2002, Jeffer, Mangels, Butler &

2  Mamaro LLP filed U.S. Patent Application No. 10/190,015, entitled "Automatic

3  Switch" listing Kevin Chen as an inventor.  Aten further admits that the '112 patent

4  states on its face that it issued on April 25, 2006, and was assigned to Aten

5  International Co., Ltd.  Aten further admits that Mr. Chen was the Chief Executive

6  Officer of Aten International Co. Ltd. during the prosecution of the '112 patent.

7  Aten denies any remaining allegations in paragraph 81 of Belkin's affirmative

8  defenses.

9          c.     Aten admits that Mr. Chen and/or attorneys acting on his behalf

10  owed a duty of candor to the PTO.  Aten denies any remaining allegations in

11  paragraph 82 of Belkin's affirmative defenses.

12          d.     Aten denies the allegations in paragraph 83 of Belkin's

13  affirmative defenses.

14          e.     Aten denies the allegations in paragraph 84 of Belkin's

15  affirmative defenses.

16          f.     Aten admits that in ITC Investigation No 337-TA-589, Aten had

17  accused KVM switches that had cables attached to the bodies of the switches by

18  thumbscrews of infringing the '112 patent.  Aten denies any remaining allegations

19  in paragraph 85 of Belkin's affirmative defenses.

20          g.     In response to paragraph 86 of Belkin's affirmative defenses,

21  Aten asserts that the pleadings and decisions in the ITC investigation speak for

22  themselves.  Aten admits that it produced KVM switches having a cable attached to

23  the switch by thumbscrews, but denies that those KVM switches constitute prior art.

24  Except as expressly admitted herein, Aten denies any remaining allegations in

25  paragraph 86 of the affirmative defenses.

26          h.     In response to paragraph 87 of Belkin's affirmative defenses,

27  Aten asserts that the findings of the Administrative Law Judge and the International

28

Trade Commission speak for themselves.  Except as expressly admitted herein, Aten denies the allegations of paragraph 87 of the affirmative defenses.

          i.     In response to paragraph 88 of Belkin's affirmative defenses, Aten asserts that the file history of the '112 patent speaks for itself.  Except as expressly admitted herein, Aten denies the allegations of paragraph 88 of the affirmative defenses.

          j.     Aten lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 of the affirmative defenses, and therefore denies them.

          k.     Aten denies the allegations in paragraph 90 of Belkin's affirmative defenses.

          l.     In response to paragraph 91 of Belkin's affirmative defenses, Aten asserts that the file history of the '112 patent speaks for itself.  Except as expressly admitted herein, Aten denies the allegations of paragraph 91 of the affirmative defenses.

          m.     Aten admits that the Administrative Law Judge in the ITC investigation did not find the '112 patent unenforceable.  Aten denies the remaining allegations in paragraph 92 of Belkin's affirmative defenses.

          n.     Aten denies the allegations in paragraph 93 of Belkin's affirmative defenses.

          o.     Aten denies the allegations in paragraph 94 of Belkin's affirmative defenses.

          p.     Aten denies any remaining allegations in paragraph 10 of Belkin's counterclaims.

     11.     Aten admits that an actual controversy exists as to whether the '112 patent is enforceable.  Aten denies any remaining allegations in paragraph 11 of Belkin's Counterclaims.

12.     Aten admits that, by its Counterclaim, Belkin seeks a declaration that the '112 patent is unenforceable.  Aten denies any remaining allegations in paragraph 12 of Belkin's Counterclaims.

### FOURTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Non-Infringement – '275 Patent)

13.     Aten admits that an actual controversy exists as to whether Belkin infringes, contributes to the infringement of, or induces infringement of the '275 patent.  Aten denies any remaining allegations in paragraph 13 of Belkin's Counterclaims.

14.     Aten admits that, by its Counterclaim, Belkin seeks a declaration that it has not and does not infringe the '275 patent literally or under the doctrine of equivalents.  Aten further admits that, by its Counterclaim, Belkin seeks a declaration that it has not contributed to or induced, and does not contribute to or induce, infringement of the '275 patent.  Aten denies any remaining allegations in paragraph 14 of Belkin's Counterclaims.

### FIFTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Invalidity – '275 Patent)

15.     Aten admits that an actual controversy exists as to the validity of the '275 patent.  Aten denies any remaining allegations in paragraph 15 of Belkin's Counterclaims.

16.     Aten admits that, by its Counterclaim, Belkin seeks a declaration that the '275 patent is invalid.  Aten denies any remaining allegations in paragraph 16 of Belkin's Counterclaims.

### SIXTH COUNTERCLAIM

### (For Declaratory Judgment of Unenforceability – '275 Patent)

17.     Aten does not believe that an answer to paragraphs 95-144 of Belkin's affirmative defenses is required.  Nonetheless, to the extent that an answer is required, Aten responds as follows:

1          a.      Aten denies the allegations in paragraph 95 of Belkin's

2     affirmative defenses.

3          b.      Aten admits that on February 28, 2000, Bacon & Thomas, PLLC

4     filed U.S. Patent Application No. 09/514,579, entitled "An Electronic Switching

5     Device for a Universal Serial Bus Interface" listing Sun Chung Chen as an inventor.

6     Aten further admits that the '275 patent states on its face that it issued on May 13,

7     2003 and was assigned to Aten International Co., Ltd.  Aten further admits that the

8     '275 patent claims priority from a Taiwanese patent application filed on May 28,

9     1999.  Aten further admits that Mr. Chen was the Chief Executive Officer of Aten

10    International Co. Ltd. during the prosecution of the of the '275 patent.  Aten denies

11    any remaining allegations in paragraph 96 of Belkin's affirmative defenses.

12         c.      Aten denies the allegations in paragraph 97 of Belkin's

13    affirmative defenses.

14         d.      In response to paragraph 98 of Belkin's affirmative defenses,

15    Aten asserts that the file history of the '275 patent speaks for itself.  Except as

16    expressly admitted herein, Aten denies the allegations of paragraph 98 of the

17    affirmative defenses.

18         e.      In response to paragraph 99 of Belkin's affirmative defenses,

19    Aten asserts that the file history of the '275 patent speaks for itself.  Except as

20    expressly admitted herein, Aten denies the allegations of paragraph 99 of the

21    affirmative defenses.

22         f.      In response to paragraph 100 of Belkin's affirmative defenses,

23    Aten asserts that the file history of the '275 patent speaks for itself.  Except as

24    expressly admitted herein, Aten denies the allegations of paragraph 100 of the

25    affirmative defenses.

26         g.      In response to paragraph 101 of Belkin's affirmative defenses,

27    Aten asserts that the file history of the '275 patent speaks for itself.  Except as

28

1  expressly admitted herein, Aten denies the allegations of paragraph 101 of the
2  affirmative defenses.

3        h.    In response to paragraph 102 of Belkin's affirmative defenses,
4  Aten asserts that the '275 patent and the file history of the '275 patent speak for
5  themselves. Except as expressly admitted herein, Aten denies the allegations of
6  paragraph 102 of the affirmative defenses.

7        i.    In response to paragraph 103 of Belkin's affirmative defenses,
8  Aten asserts that the '275 patent and the file history of the '275 patent speak for
9  themselves. Except as expressly admitted herein, Aten denies the allegations of
10 paragraph 103 of the affirmative defenses.

11       j.    In response to paragraph 104 of Belkin's affirmative defenses,
12 Aten asserts that the '275 patent and the file history of the '275 patent speak for
13 themselves. Except as expressly admitted herein, Aten denies the allegations of
14 paragraph 104 of the affirmative defenses.

15       k.    Aten asserts that the contents of the Aten 1996 product catalog
16 speak for themselves. Except as expressly admitted herein, Aten denies the
17 allegations of paragraph 105 of the affirmative defenses.

18       l.    Aten lacks knowledge or information sufficient to form a belief
19 about the truth of the allegations in paragraph 106 of the affirmative defenses, and
20 therefore denies them.

21       m.    Aten admits that the photograph in paragraph 107 appears to
22 show a printed circuit board that bears Aten's brand name. Aten lacks knowledge or
23 information sufficient to form a belief about the truth of the remaining allegations in
24 paragraph 107 of the affirmative defenses, and therefore denies them.

25       n.    Aten lacks knowledge or information sufficient to form a belief
26 about the truth of the allegations in paragraph 108 of the affirmative defenses, and
27 therefore denies them.

28

1         o.     In response to paragraph 109 of Belkin's affirmative defenses,

2  Aten asserts that the '275 patent and the file history of the '275 patent speak for

3  themselves.  Aten denies the allegations in paragraph 109 of Belkin's affirmative

4  defenses.

5         p.     Aten lacks knowledge or information sufficient to form a belief

6  about the truth of the allegations in paragraph 110 of the affirmative defenses, and

7  therefore denies them.

8         q.     Aten lacks knowledge or information sufficient to form a belief

9  about the truth of the allegations in paragraph 111 of the affirmative defenses, and

10  therefore denies them.

11         r.     Aten lacks knowledge or information sufficient to form a belief

12  about the truth of the allegations in paragraph 112 of the affirmative defenses, and

13  therefore denies them.

14         s.     Aten lacks knowledge or information sufficient to form a belief

15  about the truth of the allegations in paragraph 113 of the affirmative defenses, and

16  therefore denies them.

17         t.     Aten lacks knowledge or information sufficient to form a belief

18  about the truth of the allegations in paragraph 114 of the affirmative defenses, and

19  therefore denies them.

20         u.     Aten lacks knowledge or information sufficient to form a belief

21  about the truth of the allegations in paragraph 115 of the affirmative defenses, and

22  therefore denies them.

23         v.     Aten lacks knowledge or information sufficient to form a belief

24  about the truth of the allegations in paragraph 116 of the affirmative defenses, and

25  therefore denies them.

26         w.     Aten lacks knowledge or information sufficient to form a belief

27  about the truth of the allegations in paragraph 117 of the affirmative defenses, and

28  therefore denies them.

1    x.    In response to paragraph 118 of Belkin's affirmative defenses,

2  Aten asserts that the '275 patent and the file history of the '275 patent speak for

3  themselves.  Except as expressly admitted herein, Aten denies the allegations of

4  paragraph 118 of the affirmative defenses.

5    y.    Aten denies the allegations in paragraph 119 of the affirmative

6  defenses.

7    z.    In response to paragraph 120 of Belkin's affirmative defenses,

8  Aten asserts that the '275 patent and the file history of the '275 patent speak for

9  themselves.  Except as expressly admitted herein, Aten denies the allegations of

10  paragraph 120 of the affirmative defenses.

11    aa.    Aten lacks knowledge or information sufficient to form a belief

12  about the truth of the allegations in paragraph 121 of the affirmative defenses, and

13  therefore denies them.

14    bb.    Aten lacks knowledge or information sufficient to form a belief

15  about the truth of the allegations in paragraph 122 of the affirmative defenses, and

16  therefore denies them.

17    cc.    Aten lacks knowledge or information sufficient to form a belief

18  about the truth of the allegations in paragraph 123 of the affirmative defenses, and

19  therefore denies them.

20    dd.    Aten lacks knowledge or information sufficient to form a belief

21  about the truth of the allegations in paragraph 124 of the affirmative defenses, and

22  therefore denies them.

23    ee.    In response to paragraph 125 of Belkin's affirmative defenses,

24  Aten asserts that the '275 patent and the file history of the '275 patent speak for

25  themselves.  Except as expressly admitted herein, Aten denies the allegations of

26  paragraph 125 of the affirmative defenses.

27    ff.    In response to paragraph 126 of Belkin's affirmative defenses,

28  Aten asserts that the '275 patent and the file history of the '275 patent speak for

themselves.  Except as expressly admitted herein, Aten denies the allegations of paragraph 126 of the affirmative defenses.

        gg.    Aten denies the allegations in paragraph 127 of Belkin's affirmative defenses.

        hh.    In response to paragraph 128 of Belkin's affirmative defenses, Aten asserts that the '275 patent and the file history of the '275 patent speak for themselves.  Except as expressly admitted herein, Aten denies the allegations of paragraph 128 of the affirmative defenses.

        ii.    Aten lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129 of the affirmative defenses, and therefore denies them.

        jj.    Aten lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130 of the affirmative defenses, and therefore denies them.

        kk.    Aten lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131 of the affirmative defenses, and therefore denies them.

        ll.    Aten lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132 of the affirmative defenses, and therefore denies them.

        mm.    In response to paragraph 133 of Belkin's affirmative defenses, Aten asserts that the '275 patent and the file history of the '275 patent speak for themselves.  Except as expressly admitted herein, Aten denies the allegations of paragraph 133 of the affirmative defenses.

        nn.    Aten denies the allegations in paragraph 134 of the affirmative defenses.

1            oo.    Aten lacks knowledge or information sufficient to form a belief

2   about the truth of the allegations in paragraph 135 of the affirmative defenses, and

3   therefore denies them.

4            pp.    Aten lacks knowledge or information sufficient to form a belief

5   about the truth of the allegations in paragraph 136 of the affirmative defenses, and

6   therefore denies them.

7            qq.    Aten denies the allegations in paragraph 137 of Belkin's

8   affirmative defenses.

9            rr.    Aten denies the allegations in paragraph 138 of Belkin's

10  affirmative defenses.

11           ss.    Aten denies the allegations in paragraph 139 of Belkin's

12  affirmative defenses.

13           tt.    Aten denies the allegations in paragraph 140 of Belkin's

14  affirmative defenses.

15           uu.    Aten denies the allegations in paragraph 141 of Belkin's

16  affirmative defenses.

17           vv.    Aten denies the allegations in paragraph 142 of Belkin's

18  affirmative defenses.

19           ww.    Aten denies the allegations in paragraph 143 of Belkin's

20  affirmative defenses.

21           xx.    Aten denies the allegations in paragraph 144 of Belkin's

22  affirmative defenses.

23           yy.    Aten denies any remaining allegations in paragraph 17 of

24  Belkin's counterclaims.

25      18.    Aten admits that an actual controversy exists as to whether the '275

26  patent is enforceable.  Aten denies any remaining allegations in paragraph 18 of

27  Belkin's Counterclaims.

28

19.     Aten admits that, by its Counterclaim, Belkin seeks a declaration that that the '275 patent is unenforceable.  Aten denies any remaining allegations in paragraph 19 of Belkin's Counterclaims.

### SEVENTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Non-Infringement – '287 Patent)

20.     Aten admits that an actual controversy exists as to whether Belkin infringes, contributes to the infringement of, or induces infringement of the '287 patent.  Aten denies any remaining allegations in paragraph 20 of Belkin's Counterclaims.

21.     Aten admits that, by its Counterclaim, Belkin seeks a declaration that it has not and does not infringe the '287 patent literally or under the doctrine of equivalents.  Aten further admits that, by its Counterclaim, Belkin seeks a declaration that it has not contributed to or induced, and does not contribute to or induce, infringement of the '287 patent.  Aten denies any remaining allegations in paragraph 21 of Belkin's Counterclaims.

### EIGHTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Invalidity – '287 Patent)

22.     Aten admits that an actual controversy exists as to the validity of the '287 patent.  Aten denies any remaining allegations in paragraph 22 of Belkin's Counterclaims.

23.     Aten admits that, by its Counterclaim, Belkin seeks a declaration that the '287 patent is invalid.  Aten denies any remaining allegations in paragraph 23 of Belkin's Counterclaims.

### NINTH COUNTERCLAIM

### (For Declaratory Judgment of Unenforceability – '287 Patent)

24.     Aten does not believe that an answer to paragraphs 145-165 of Belkin's affirmative defenses is required.  Nonetheless, to the extent that an answer is required, Aten responds as follows:

1          a.    Aten denies the allegations in paragraph 145 of Belkin's

2    affirmative defenses.

3          b.    Aten admits that U.S. Patent Application No. 10/065,375,

4    entitled "Signal Switch for Console and Peripheral Devices," was filed on October

5    10, 2002 by Sheldon & Mack, Inc., listing Tony Lou, Kevin Chen and Sampson

6    Yang as inventors.  Aten further admits that the '287 patent states on its face that it

7    issued October 18, 2005, and was assigned to Aten International Co., Ltd.  Aten

8    further admits that the '287 patent claims priority from provisional patent

9    application no. 60/338,071, which was filed on November 9, 2001.  Aten further

10   admits that Mr. Chen was the Chief Executive Officer of Aten International Co. Ltd.

11   during the prosecution of the of the '287 patent.  Aten denies any remaining

12   allegations in paragraph 146 of Belkin's affirmative defenses.

13         c.    Aten denies the allegations in paragraph 147 of Belkin's

14   affirmative defenses.

15         d.    In response to paragraph 148 of Belkin's affirmative defenses,

16   Aten asserts that the file history of the '287 patent speaks for itself.  Except as

17   expressly admitted herein, Aten denies the allegations of paragraph 148 of the

18   affirmative defenses.

19         e.    In response to paragraph 149 of Belkin's affirmative defenses,

20   Aten asserts that the file history of the '287 patent speaks for itself.  Except as

21   expressly admitted herein, Aten denies the allegations of paragraph 149 of the

22   affirmative defenses.

23         f.    In response to paragraph 150 of Belkin's affirmative defenses,

24   Aten asserts that the file history of the '287 patent speaks for itself.  Except as

25   expressly admitted herein, Aten denies the allegations of paragraph 150 of the

26   affirmative defenses.

27         g.    In response to paragraph 151 of the Belkin's affirmative

28   defenses, Aten asserts that the file history of the '287 patent speaks for itself.

1   Except as expressly admitted herein, Aten denies the allegations of paragraph 151 of
2   the affirmative defenses.

3               h.      In response to paragraph 152 of Belkin's affirmative defenses,
4   Aten asserts that the file history of the '287 patent speaks for itself.  Except as
5   expressly admitted herein, Aten denies the allegations of paragraph 152 of the
6   affirmative defenses.

7               i.      In response to paragraph 153 of Belkin's affirmative defenses,
8   Aten asserts that the file history of the '287 patent speaks for itself.  Except as
9   expressly admitted herein, Aten denies the allegations of paragraph 153 of the
10  affirmative defenses.

11              j.      In response to paragraph 154 of Belkin's affirmative defenses,
12  Aten asserts that the file history of the '287 patent speaks for itself.  Except as
13  expressly admitted herein, Aten denies the allegations of paragraph 154 of the
14  affirmative defenses.

15              k.      In response to paragraph 155 of Belkin's affirmative defenses,
16  Aten asserts that the file history of the '287 patent speaks for itself.  Except as
17  expressly admitted herein, Aten denies the allegations of paragraph 155 of the
18  affirmative defenses.

19              l.      In response to paragraph 156 of Belkin's affirmative defenses,
20  Aten asserts that the file history of the '287 patent speaks for itself.  Except as
21  expressly admitted herein, Aten denies the allegations of paragraph 156 of the
22  affirmative defenses.

23              m.      Aten denies the allegations in paragraph 157 of Belkin's
24  affirmative defenses.

25              n.      In response to paragraph 158 of Belkin's affirmative defenses,
26  Aten asserts that the file history of the '287 patent speaks for itself.  Except as
27  expressly admitted herein, Aten denies the allegations of paragraph 158 of the
28  affirmative defenses.

o.  Aten denies the allegations in paragraph 159 of Belkin's affirmative defenses.

p.  Aten denies the allegations in paragraph 160 of Belkin's affirmative defenses.

q.  Aten denies the allegations in paragraph 161 of Belkin's affirmative defenses.

r.  Aten denies the allegations in paragraph 162 of Belkin's affirmative defenses.

s.  Aten denies the allegations in paragraph 163 of Belkin's affirmative defenses.

t.  Aten denies the allegations in paragraph 164 of Belkin's affirmative defenses.

u.  Aten denies the allegations in paragraph 165 of Belkin's affirmative defenses.

v.  Aten denies any remaining allegations in paragraph 24 of Belkin's counterclaims.

25.  Aten admits that an actual controversy exists as to whether the '287 patent is enforceable.  Aten denies any remaining allegations in paragraph 25 of Belkin's Counterclaims.

26.  Aten admits that, by its Counterclaim, Belkin seeks a declaration that the '287 patent is unenforceable.  Aten denies any remaining allegations in paragraph 26 of Belkin's Counterclaims.

## TENTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Non-Infringement – '854 Patent)

27.  Aten admits that an actual controversy exists as to whether Belkin infringes, contributes to the infringement of, or induces infringement of the '854 patent.  Aten denies any remaining allegations in paragraph 27 of Belkin's Counterclaims.

28. Aten admits that, by its Counterclaim, Belkin seeks a declaration that it has not and does not infringe the '854 patent literally or under the doctrine of equivalents. Aten further admits that, by its Counterclaim, Belkin seeks a declaration that it has not contributed to or induced, and does not contribute to or induce, infringement of the '854 patent. Aten denies any remaining allegations in paragraph 28 of Belkin's Counterclaims.

## ELEVENTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Invalidity – '854 Patent)

29. Aten admits that an actual controversy exists as to the validity of the '854 patent. Aten denies any remaining allegations in paragraph 29 of Belkin's Counterclaims.

30. Aten admits that, by its Counterclaim, Belkin seeks a declaration that the '854 patent is invalid. Aten denies any remaining allegations in paragraph 30 of Belkin's Counterclaims.

## TWELFTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Non-Infringement – '299 Patent)

31. Aten admits that an actual controversy exists as to whether Belkin infringes, contributes to the infringement of, or induces infringement of the '299 patent. Aten denies any remaining allegations in paragraph 31 of Belkin's Counterclaims.

32. Aten admits that, by its Counterclaim, Belkin seeks a declaration that it has not and does not infringe the '299 patent literally or under the doctrine of equivalents. Aten further admits that, by its Counterclaim, Belkin seeks a declaration that it has not contributed to or induced, and does not contribute to or induce, infringement of the '299 patent. Aten denies any remaining allegations in paragraph 32 of Belkin's Counterclaims.

## THIRTEENTH COUNTERCLAIM

### (For Declaratory Judgment of Patent Invalidity – '299 Patent)

33.     Aten admits that an actual controversy exists as to the validity of the '299 patent.  Aten denies any remaining allegations in paragraph 33 of Belkin's Counterclaims.

34.     Aten admits that, by its Counterclaim, Belkin seeks a declaration that the '299 patent is invalid.  Aten denies any remaining allegations in paragraph 34 of Belkin's Counterclaims.

## FOURTEENTH COUNTERCLAIM

### (For Declaratory Judgment of Unenforceability – '299 Patent)

35.     Aten does not believe that an answer to paragraphs 166-181 of Belkin's affirmative defenses is required.  Nonetheless, to the extent that an answer is required, Aten responds as follows:

a.     Aten denies the allegations in paragraph 166 of Belkin's affirmative defenses.

b.     Aten admits that on December 22, 2005, Jeffer, Mangels, Butler & Mamaro LLP filed U.S. Patent Application No. 11/317,632, entitled "Keyboard, Video and Mouse (KVM) Switch" listing Kevin Chen as an inventor.  Aten further admits that the '299 patent states on its face that it issued on June 2, 2006, and was assigned to Aten International Co., Ltd.  Aten further admits that Mr. Chen was the Chief Executive Officer of Aten International Co. Ltd. during the prosecution of the of the '299 patent.  Aten denies any remaining allegations in paragraph 167 of Belkin's affirmative defenses.

c.     Aten admits that Mr. Chen and/or attorneys acting on his behalf owed a duty of candor to the PTO.  Aten denies all other allegations in paragraph 168 of Belkin's affirmative defenses.

d.     Aten denies the allegations in paragraph 169 of Belkin's affirmative defenses.

1     e.  Aten denies the allegations in paragraph 170 of Belkin's

2 affirmative defenses.

3     f.  In response to paragraph 171 of the Belkin's affirmative

4 defenses, Aten asserts that the findings of the Administrative Law Judge and the

5 International Trade Commission speak for themselves.  Except as expressly

6 admitted herein, Aten denies the allegations of paragraph 171 of the affirmative

7 defenses.

8     g.  Aten lacks knowledge or information sufficient to form a belief

9 about the truth of the allegations in paragraph 172 of the affirmative defenses, and

10 therefore denies them.

11     h.  Aten lacks knowledge or information sufficient to form a belief

12 about the truth of the allegations in paragraph 173 of the affirmative defenses, and

13 therefore denies them.

14     i.  Aten denies the allegations in paragraph 174 of Belkin's

15 affirmative defenses.

16     j.  Aten denies the allegations in paragraph 175 of Belkin's

17 affirmative defenses.

18     k.  Aten denies the allegations in paragraph 176 of Belkin's

19 affirmative defenses.

20     l.  Aten admits that the '299 patent is a continuation-in-part of the

21 '112 patent.  Aten denies any remaining allegations in paragraph 177 of Belkin's

22 affirmative defenses.

23     m.  Aten denies the allegations in paragraph 178 of Belkin's

24 affirmative defenses.

25     n.  Aten denies the allegations in paragraph 179 of Belkin's

26 affirmative defenses.

27     o.  Aten denies the allegations in paragraph 180 of Belkin's

28 affirmative defenses.

1           p.     Aten denies the allegations in paragraph 181 of Belkin's

2  affirmative defenses.

3           q.     Aten denies any remaining allegations in paragraph 35 of

4  Belkin's counterclaims.

5       36.    Aten admits that an actual controversy exists as to whether the '299

6  patent is enforceable.  Aten denies any remaining allegations in paragraph 36 of

7  Belkin's Counterclaims.

8       37.    Aten admits that, by its Counterclaim, Belkin seeks a declaration that

9  that the '299 patent is unenforceable.  Aten denies any remaining allegations in

10  paragraph 37 of Belkin's Counterclaims.

11  **JURY DEMAND**

12  ATEN demands a trial by jury on all issues so triable.

13  **PRAYER FOR RELIEF**

14  WHEREFORE, ATEN respectfully requests that the Court:

15  (a) Grant Aten the relief its seeks in its Second Amended and Supplemental

16  Complaint;

17  (b) Deny Belkin the relief its seeks in its Answer and Counterclaims Re:

18  Plaintiffs' Second Amended and Supplemental Complaint;

19  (c) Dismiss Belkin's Counterclaims with prejudice;

20  (d) Grant judgment in favor of Aten on each of Belkin's Counterclaims;

21  (e) Award Aten its costs and attorneys' fees pursuant to 35 U.S.C. § 285 and

22  28 U.S.C. § 1927.

23  (f) Grant to Aten such other and further relief as may be just and appropriate.

24  Dated:  June 1, 2010          FISH & RICHARDSON, P.C.

25

26  By:   */s/ Brian Wacter*
            Brian Wacter
            wacter@fr.com

27

28  Attorneys for Plaintiffs
Aten International Co., Ltd. and Aten
Technology, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 1, 2010 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Any other counsel of record will be served by electronic mail and regular mail.

*/s/ Brian Wacter*
Brian Wacter
wacter@fr.com

Case No. SACV09-843 AG (MLGx)